Nash *against* Smith and others :

IN ERROR.

By our practice, it is not necessary to annex to a bill of interpleader an *affidavit* of the absence of collusion.

In a bill of interpleader, the omission of the plaintiff to bring, or to offer to bring,

*Fairfield,*
June,
1827.

Dunton
*v.*
Mead.

*Fairfield,*
*June,*
*1827.*

Nash
*v.*
Smith.

the money into court, is not a ground of demurrer; but the court may order him to bring it into court, upon the application of either of the defendants.

If the plaintiff in a bill of interpleader has paid over the money to one of the defendants, under a claim of right, to which he was bound to submit, this will not preclude him from sustaining the bill.

Where *A.* has taken goods in execution, as the separate property of one partner, and *B.* and *C.*, creditors of the partnership, claim a right to such goods, by levies upon them as the property of the partnership, the fact that the officer, who served *A.*'s execution, has paid over to him the avails of the goods, does not shew, that *A.* has no interest in a bill of interpleader, brought by the officer, against him and *B.* and *C.*, relating to such avails; nor does it evince the absence of conflicting claims between *A.* and the other defendants.

Where one of the defendants to a bill of interpleader has induced the plaintiff, under a claim of right, to give up the money in question, and the other defendants are prosecuting suits against him for the same money, this shews sufficiently, that the plaintiff is *embarrassed.*

It is no impediment to a bill of interpleader, that the suits by which the plaintiff is embarrassed, are in form for breaches of his duty as an officer, by giving an undue preference amongst attaching creditors, provided such suits are founded on a controverted title to property, the subject of the bill, in which the defendants alone are interested, and it does not appear that the plaintiff has given a voluntary preference to any of them.

A demurrer to a bill in chancery, must express the grounds on which it is founded.

A bill in chancery is never dismissed for want of parties, but may be continued to bring them in.

In the superior court, *Edward Nash* filed a bill of interpleader, making *Truman Smith, Aaron B. Woodruff, Lewis Woodruff* and *Minot Mitchell,* parties, defendants. The bill stated, That on the 28th of *August,* 1823, *Mitchell* commenced an action on note against *Elisha L. Silliman,* by a writ of attachment, returnable to the county court of *Fairfield* county, in *November,* 1823, which was directed and delivered to the plaintiff, as constable, with instructions to attach the goods in the store of *Silliman;* which was done: That *Mitchell* recovered judgment in such action, by default, for 2101 dollars, and took out execution, and put it into the plaintiff's hands, with directions to levy it on the goods attached: That the plaintiff, by virtue thereof, sold said goods for 1294 dollars, 27 cents, which he applied in part payment thereof, and paid over the amount to *Mitchell:* That immediately after the service of said writ, the other defendants, severally, commenced actions against said *Silliman* and *George Cooke,* as copartners, by writs of attachment returnable to the same court, directed and delivered to the plaintiff, with instructions to attach the same goods, as the property of *Silliman* and *Cooke;* which was done: That in

these actions, judgments were recovered, on which executions issued, which where directed and delivered to the plaintiff, and were respectively by him duly returned *non est inventus* and *nulla bona :* That *Smith* and the *Woodruffs* have commenced actions against the plaintiff for false returns, which are now pending : That the plaintiff, having no interest in said property, seeks indemnity against the claims of the defendants : That *Mitchell* claims, that said goods were the property of *Silliman,* and were first liable for his separate debts, while the other defendants claim, that they were the property of *Silliman* and *Cooke,* and were primarily liable for their joint debts. The bill therefore prays, that the defendants interplead, and be restrained from prosecuting any action against the plaintiff touching the premises.

To this bill the defendant demurred, assigning the following causes of demurrer. 1. That the plaintiff hath not annexed to his bill, or made, any *affidavit,* that the bill is not brought by collusion. 2. That the plaintiff hath not brought, nor offered to bring into court the money so by him admitted to have been received, by the levy of *Mitchell's* execution. 3. That as the plaintiff admits, that he has already paid the whole avails of said goods over to *Mitchell,* his favourite creditor, he is not in need of any direction as to the disposition he shall make of the money. 4. That the bill contains no allegation, that the defendants have conflicting claims upon the plaintiff ; nor does it state any ground for making them parties to a bill of interpleader. 5. That the bill contains no allegation of interest in *Mitchell.* 6. That it contains no allegation that the defendants, or any of them, have embarrassed the plaintiff, by any act of theirs, in the discharge of his official duty in relation to said goods. 7. That the bill states as the only ground of the suits in favour of *Smith* and the *Woodruffs* against the plaintiff, breaches of official duty in making a false return on their respective executions, and of wrongfully disposing of the goods taken on their respective attachments ; and his liability to the plaintiffs in these suits, cannot be affected, by any preference given by him to *Mitchell.*

The cause came on for trial, at *Fairfield, December* term, 1826, before *Peters,* J. ; when the bill was adjudged insufficient, *pro forma ;* and, on motion of the plaintiff, the record was transmitted to this Court for revision.

*Fairfield,*
*June,*
*1827.*

Nash
*v.*
Smith.

*N. Smith* and *Sherman,* for the plaintiff in error, contended, 1. That on general principles, a bill of interpleader, in this case, ought to be sustained. The presence of the essential ingredients is palpable. Here are—the common fund,—the requisite situation of the plaintiff,—and the conflicting claims of the defendants. The object of the bill is two-fold ; first, to indemnify the plaintiff ; and secondly, to prevent a multiplicity of suits. This relief is adapted to the nature of the case ; and equity requires it.   1 *Madd. Chan.* 142.   *Coop. Eq. Pl.* 45, 6.

2. That the particular exceptions taken to this bill, ought not to defeat it.

First, as to an *affidavit.* By our practice this is not necessary, in any case. *Jerome* & al. v. *Jerome,* 5 *Conn. Rep.* 352. [The opposing counsel said, they should not insist on this exception.]

Secondly, the omission to bring, or of an offer to bring, the money into court, is not a ground of demurrer. If the court think, that from the nature of the case, the money ought to be brought into court, it will order it to be brought in. This, whenever it is proper, is required for the sake of security ; but the neglect of a party to tender security, before it is asked, cannot be fatal. In this case, however, there is a good reason why the plaintiff should not be required to bring the money into court, *viz.* that he has been coerced to pay it over to *Mitchell.* The *English* writers lay down the rule on this subject differently ; none of them positively declaring the omission to be a ground of demurrer. *Hinde's Chan.* 27. *Mitf.* 126. 1 *Madd. Chan.* 143.   *Coop. Eq. Pl.* 49, 50.

Thirdly, the plaintiff stands in no less need of, and is no less entitled to, the relief sought, in consequence of his having paid over the money to *Mitchell,* the execution creditor. He could not safely withhold it. He is still exposed to injury from conflicting claimants. Besides, the money itself is in the hands of a party to this suit, and is subject to the order of the court.

Fourthly, the bill shews, that *Smith* and the *Woodruffs* have claims upon this fund, which are adverse to the claims of *Mitchell.* These are necessarily conflicting claims.

Fifthly, *Mitchell* is interested ; as he is bound to indemnify the plaintiff, or to refund the money, if he was not entitled to have it.

Sixthly, the bill shews, that *Smith* and the *Woodruffs* are harassing the plaintiff with suits founded on the discharge of

his official duty in relation to the goods in question; while *Mitchell* has got the money, under a claim of right; and the plaintiff knows not to whom it belongs. This, surely, is embarrassment enough.

Seventhly, the success of the suits brought by *Smith* and the *Woodruffs* against the plaintiff, must depend entirely upon the question of prior right as between them and *Mitchell; i. e.* whether they, or *Mitchell*, were entitled to a preference.

*Bissell* and *Betts*, contra, insisted, that the bill was insufficient, on the following grounds.

1. The plaintiff does not bring, nor offer to bring, the money into court. 1 *Madd. Chan.* 143. 2 *Swift's Dig.* 207. 2 *Ves.* jun. 109. n. The necessity of this generally results from the nature of the bill, as the decree is to operate *in rem.* And it is more especially necessary where an injunction is sought. Will the court enjoin a plaintiff in an action at law against proceeding therein, and compel him to interplead, when it appears, that the fund out of which he ought to be paid, if successful, is entirely without the controul of the court? But it is said, that the plaintiff may now bring the money into court, or offer to do so. To this there is an insuperable difficulty. It appears upon the face of the bill, that it is wholly out of his power.— At any rate, he cannot do so, without the consent of *Mitchell;* and this would furnish such evidence of *collusion* as would be fatal to the bill.

2. Not only has the plaintiff neglected to bring the money into court, but he has put it out of his own controul, by paying it over to *Mitchell.* He therefore stands no longer in *a situation,* which entitles him to put the claimants to an interpleader. *Burnett* v. *Anderson* & al. 1 *Meriv.* 404.

3. It appears on the face of the bill, that there are no parties to interplead. *Mitchell* has no claim, having been paid; and as between the other defendants, there are no conflicting claims. If the plaintiff elected, (as he did,) to levy *Mitchell's* execution on the goods, in preference to the executions of the partnership creditors, he was bound to pay the avails over to *Mitchell,* whatever may have been his right; and the only controversy that can arise, is between the plaintiff and the partnership creditors, in which *Mitchell* has no interest. This is the naked case of an officer's coming into a court of chancery, and asking to be relieved from paying damages to these creditors for a

false return.   Surely, a court of chancery will not interfere to take the case from the jury, in this way.   If the plaintiff in this case has made a wrong election, and has thus been guilty of a breach of official duty, this court cannot interfere to screen him from the consequences of his own wrong.   If, on the other hand, he has been guilty of no such breach, he does not require the interposition of this Court.   Let him "stand the action."

4. A bill of interpleader is not sustainable, unless the defendants, or some one of them, have *embarrassed* the plaintiff, by acts of theirs, *subsequently* to his becoming a stake-holder.   1 *Madd. Chan.* 145, 6.   *Cowtan* v. *Williams*, 9 *Ves.* jun. 107.

5. It strengthens the argument from general principles, that there is no *precedent* of a bill like this.

6. The proper parties are not before the court; *Silliman* and *Cooke* being interested in the subject matter of the bill; which appears upon the face of the bill.   *Marshall* v. *Beverley*, 5 *Wheat.* 313. 315.

PETERS, J.   Several causes of demurrer are assigned.   1. That the plaintiff has not annexed to his bill an *affidavit* that it is not exhibited in collusion with any of the parties.   Such an *affidavit* is required by the *English* practice.   *Mitf.* 49. *Coop. Eq. Plead.* 49, 50.   This practice has not been adopted here; but it has been decided, by this Court, that an *affidavit* is not required to be annexed to a bill, in any case.   *Jerome* v. *Jerome*, 5 *Conn. Rep.* 352.

2. That the plaintiff has not brought, nor offered to bring, into court the money received by him.   It seems to be a rule in *England*, that the plaintiff in a bill like this, should bring, or offer to bring, the money or thing in question into court; and if not done, it is cause of demurrer.   1 *Madd. Chan.* 142. But I am not aware, that it has been adopted in this state; and it is not very rigidly enforced in *England*.   "A bill of this nature," says *Mitford*, "generally prays an injunction to restrain proceedings of the claimants in some other court; and, as this may be used to delay the payment of the money by the plaintiff, if any is due from him, he ought, by his bill, to offer to pay the money into court.   If he does not do so, it is, *perhaps*, in strictness, a ground of demurrer."   *Mitf.* 126.   *Maddock* lays down the same rule, but adds: "If such offer is not made, the court, upon the application of either of the defendants, will

order the plaintiff to bring, the property, or pay the money, into court." 1 *Madd. Chan.* 143.

*Fairfield,*
June,
1827.

Nash
*v.*
Smith.

3. It is said, that the plaintiff has paid over the money, and therefore needs not the aid of the court. But this payment was not voluntary. It was made under a claim of right, to which the plaintiff was bound to submit; and he is now bound to bring the money into court, if required, on the application of either of the defendants. 1 *Madd. Chan.* 142.

4. It is said, *Mitchell* has no interest in the question; and that there are no conflicting claims. But the claims of the defendants are certainly not in unison. *Mitchell* claims the whole as the *separate* property of *Silliman.* He is now amenable to this Court, and bound, at all events, to indemnify the plaintiff; for it is an established principle in law, as well as in equity, that where one employs another to do acts not *mala in se,* for the purpose of asserting a right, the law implies a promise of indemnity; as where a creditor directs an officer to levy on property, which proves not to be the debtor's, and the officer is subjected, he is entitled to indemnity. 1 *Swift's Dig.* 414. *Mitchell,* then, is interested, as well in the question as in the event. If the claims of the other creditors are well founded, they have a priority; for it is a well settled rule, that copartnership property must first satisfy copartnership debts. *Church* v. *Knox & al.* 2 *Conn. Rep.* 514. *Pierce* v. *Jackson,* 6 *Mass. Rep.* 242.

5. It is said, that the defendants have not *embarassed* the plaintiff. But one of them has induced him, under a claim of right, to give up 1294 dollars; and two of them have sued him for the same money.

6. It is said, that the bill seeks relief against suits for breaches of official duty, and an undue preference given by him to a creditor of one partner over the creditors of the firm. It is true, that the suits whereof the plaintiff complains, are, in form, for breaches of official duty; but they are bottomed on a controverted title to property, in which the defendants alone are interested, which he seeks to have litigated and adjusted between them: and it does not appear, that he has given a voluntary preference to any of them. He was bound to serve all the writs according to law, and the direction of the creditors, in the order they were delivered to him.

Lastly, it is claimed in argument, that *Silliman* and *Cooke* ought to have been made parties. But this is not set down as

cause of demurrer, and therefore, cannot be noticed in this stage of the pleadings ; as a demurrer must express the grounds on which it is founded. *Blake's Pract.* 109. And by our own practice, a bill is never dismissed for want of parties, but may be continued to bring them in.

The decree of the superior court is erroneous, and must be reversed, and the cause remanded.

HOSMER, Ch. J. and BRAINARD, and LANMAN, Js. were of the same opinion.

DAGGETT, Ch. J. gave no opinion, having been of counsel in the cause.

Decree reversed ; and
Cause remanded.