## MINOR *vs.* FERRIS AND OTHERS.

A testator, after devising his real estate for the benefit of his wife, and directing his executors to sell the same, and to invest the proceeds in some safe property, to remain a fund for her support during her life, gave to his sister, if living at the decease of his wife, and if not, to her children, whatever of said property might be left. He then bequeathed to his sister or to her heirs, at his decease, in general and unrestricted terms, all his personal estate. A general prevailing intention to provide for the support of his wife during her life, at all events, was apparent from the whole of the testator's will, and, in a subsequent clause thereof, he repeated the bequest of the personal property to his sister, and superadded thereto an express provision, that she should have the personal property only in case the proceeds of the real estate should be sufficient for the wife's support. Held, that the expression annexed to the last bequest to the testator's sister, was not only a qualification of the terms with which it was immediately connected, but also of the bequest to her, of the same property, in the former part of the will; and, that the personal property was, by implication, given for the benefit of the wife, during her life, upon the same terms as those upon which the real estate had been devised.

THIS was an action on a bond, given by the defendants, as executors of the last will and testament of Hartwell Reed, deceased, to the plaintiff, as judge of probate for the district of Stamford. The defendants set out the condition of the bond, which was in the usual form, and pleaded per-

formance generally. In the replication, the plaintiff set out the will of the deceased, alleged the settlement of the administration account of the defendants, and assigned, as breaches of their bond, their failure and refusal to pay and deliver over to Mary Fairchild, the wife of ———— Fairchild, and a sister of the deceased, and for whom the suit was brought, the sum of $1,375.54, in money, and fifty shares of bank stock, in the city of New Orleans, remaining in the hands of the defendants, after such settlement, and which the said Mary claimed under said will. The provisions of that will, material to the present case, are the following :

"I give and bequeath unto my wife, Mary Ann Reed, who is at present insane, and is in the Retreat for the Insane, at Hartford, in the state of Connecticut, as her dowry, all the real estate where I, at present, reside, lands and tenements, to be sold within one year after my decease, if practicable, by my executors in their judgment, and when sold, the proceeds of the sale of the property, to be invested in some safe property for her, that the interest may support her during her life. It's my request, that my executors will reserve, out of any cash funds that I may leave, at my decease, enough to support my wife, till the property is sold, which I presume will not be over one year.

" At her decease, I bequeath it to my sister, Mary Fairchild, living now at New Haven, if living at the time ; if not, to her children, whatever property or cash may be left by my wife, after deducting any donations I have made. If my wife should be deceased before I am, I bequeath to my sister and her heirs, the property above described.

" I likewise bequeath to my sister Mary, or her heirs, at my decease, all my movable property, money, &c. After deducting all donations, (and paying all debts, properly attested,) I have made previous to my decease.

*      *      *      *      *      *      *

" It's my request, that my executors will inform Mr. Virgil Cornish, steward of the Retreat of the Insane, at Hart-

ford, of my decease, and that there are funds for the support of my wife, at the Retreat, if she should remain there.

\*        \*        \*        \*        \*        \*        \*

"If my executors should think it advisable, to extend the time of selling my real estate, for the benefit of my wife, for eighteen months, they will please to retain, out of any funds that I may leave, sufficient to pay my wife's expenses. I think the property, if well sold, the interest will support her, if well invested. All movable property, money, &c., after deducting all legacies and donations, that I may have made, I bequeath to my sister, Mary Fairchild, or if deceased, to her children, if my wife has sufficient to support her."

The defendants, in their rejoinder, averred, that the deceased wife of the testator, Mary Ann Reed, was incurably insane, and wholly destitute of any means of support, other than the provision made for her, by the will of the deceased husband; that the necessary expenses of supporting her comfortably had been greater than all the interest which had arisen upon the proceeds of the real estate left by the testator, and sold under his will, surpassing the same at the commencement of said action, by a large sum; that, by reason of advancing years and increasing infirmities, the expense of providing for and taking care of the said Mary Ann, would be greater thereafter, than it had previously been; that it was made, by said will, the duty of the defendants to keep on hand, for the purpose of furnishing her such support, while she lived and continued insane, enough of the said estate of the testator to enable them to furnish such support, according to what her condition, at any time hereafter, might be; and that the whole estate remaining in their hands, was necessary to be kept by them, for that purpose; and that they still keep said remaining estate in their hands, for the purpose aforesaid, having, at all times, used, and applied the same, for said purpose; holding it, in all respects, according to the provisions of the will, to be applied, and ultimately appropriated, according thereto; that all the interest and

income which they have, since the decease of the testator, received from the proceeds of said remaining estate, above such part thereof as they had necessarily expended, for the support of said Mary Ann, they had, from time to time, paid over to the said Mary Fairchild, with the assent and sanction of her husband, and she had received the same ; that, immediately after the settlement of their administration account, on said estate, they proposed to the said Mary Fairchild and her husband, to pay to her all said estate, remaining in their hands, exclusive of said proceeds of real estate, if they, or either of them, would furnish good, available security, that so much as should be necessary for the support of said Mary Ann, according to the provisions of said will, above the interest of said proceeds of said real estate, should be furnished by the said Mary and her husband, or otherwise, to these defendants, to be by them appropriated to such support, according to the provisions of said will, and would likewise procure to such disposition of said remaining estate, by these defendants, the assent of the children of said Mary, all of full age, and capable of giving such assent ; that they were then ready to deliver said remaining estate to said Mary, on said conditions ; but, that said Mary and her husband would not furnish such security, nor procure the assent of said children, but refused, and have ever since refused to procure such security or such assent.

To this rejoinder, the plaintiffs demurred, generally ; and thereupon the case was reserved for the advice of this court, as to the questions of law, arising thereon.

*Dutton* and *Ferre*, for the plaintiffs, contended, 1. That the will itself does not show, that the testator contemplated the insufficiency of the income of the proceeds of the real estate, for the widow's support. But, the law provides for it, by directing the application of the principal, in such an event. 2 Sto. Eq., 435, 6, 7. Apart from the legacies, there are but two general bequests in the will,—one creating the said trust, and the other to Mrs. Fairchild, of the personalty.

Nothing in the will expressly alters this disposition of the estate.. If altered at all, it is by inferences drawn from subsequent passages,—a mode of construction which is unauthorized. 2 Bl. Com., 85. *Roach* v. *Haynes*, 8 Ves., 590. *Parsons* v. *Baker*, 18 Ves., 478. *Thackeray* v. *Hampson*, 2 Sim. & Stu., 214. The meaning of the phrase, near the end of the will, where the general bequest to Mrs. Fairchild is repeated, with the apparent qualification, " if my wife has sufficient to support her," is explained in the context. In the next preceding sentence, the testator declares his opinion, that the income of the trust fund will be sufficient for his wife's support. He then goes on to repeat the bequest to his sister, and adds the expression referred to, which may be considered to signify, " as my wife has sufficient to support her." Otherwise it is without meaning, and should be rejected.

The defendants' claim can not be justified, by the language of the will. The expression, " or, if deceased  *  * to her children," refers to the contingency of Mrs. Fairchild's dying before the testator.

*Hawley* and *Ferris*, for the defendants, contended, 1. That, in the construction of wills, the *prevailing* intention of the testator must be carried out. If the expressions in a will are apparently inconsistent, the court must reconcile them, or carry out the prevailing intent. It is manifest, that the testator intended, that his widow should, in any event, be supported from the income of his estate. That intention could not be effectuated, if the interest of $2,000 only, could be applied for such support. If the executors should pay over to Mrs. Fairchild, according to her claim, all the assets of the estate, except the $2,000, how would they answer, in a suit upon their bond, for the benefit of the children of Mrs. Fairchild, if she should die before the widow.

2. That the conduct of the executors, in retaining under

their control, the assets of the estate, and in the annual payment to Mrs. Fairchild of what remains of the income thereof, after the application of what is necessary to the support of the widow, is entirely consistent with the general scope and provisions of the will, and carries into effect the intention of the testator.

Storrs, J. We shall confine ourselves to the question argued by the counsel in this case ; which is, whether, by the true construction of the will of the testator, his personal property, excepting that which was specifically bequeathed, and what should be wanted for the payment of debts and general legacies, was given by him absolutely and unqualifiedly to his sister, on his decease ; or, whether it was given to her, subject to the trust, on which the real estate had been devised, that it was to constitute and remain a fund, so far as it was required, for the support of his wife during her life.

The frame of this will is so inartificial, and its language so loose, repetitious, and apparently (although as we think, not really) inconsistent, that it is difficult to ascertain, with any great degree of certainty, what was the precise intention of the testator ; but we are induced to think, on the whole, that it ought to receive the latter construction. After devising, in the first part of the will, his real estate, for the benefit of his wife, with a direction, that it shall be sold by his executors, and that the proceeds shall be invested in some safe property for her, " that the interest may support her during her life," he bequeaths to his sister, (for whose benefit this action is brought,) if living at the death of his wife, and if not, to her children, whatever of the said property or avails thereof may be then left. He then bequeaths to his said sister, or her heirs, at his decease, in general and unrestricted terms, all his personal estate. If the extent of the sister's interest in the personal property were to be determined merely by the terms of this latter clause, she would

be undoubtedly, entitled to it, absolutely and without quali-
fication, and, therefore, it would not be affected by any trust
in favor of the testator's wife. This would, however, be
but a very imperfect mode of ascertaining or effectuating
his intention with regard to it. For that purpose, it is ne-
cessary to look at every other part of the will, bearing on
the subject, and also to the situation and circumstances of
the testator ; and, in doing this, we have become satisfied,
notwithstanding the absolute terms of the above clause, in
the first place, that there was a general and prevailing in-
tention, on the part of the testator, that his personal prop-
erty should be held as a trust fund, during the life of his wife,
for her support, so far as it might be necessary for that pur-
pose, and in the same manner as he had before provided for
that purpose, in respect to his real estate. In the next place,
there is, in a subsequent clause, an express qualification to
the bequest of the personal property to the sister above
mentioned, by which it is provided, that she shall have that
property, only in case the avails of the real estate shall be
sufficient for his wife's support. From these we deduce, in
the last place, a clear implication of a gift or disposition of
that property to the wife, or for her benefit, during her life,
on the same terms as those on which the real estate had been
devised.

1. Respecting the general intention of the testator, we
think that there can not be a doubt, that it was his chief pur-
pose to provide, at all events, a support for his wife, during
her life, out of his estate. He was most tenderly attached
to her. She was hopelessly insane, and without any means
of her own for her support, and would, therefore, on his
death, be entirely helpless, and dependent on his bounty.
This was well known to him, and evidently was a source of
constant anxiety : and this final disposition of his property was
made under the influence of, and with reference to, these
leading facts. This is shown, by his frequent mention of her,

and recurrence to her situation and necessities, in the will,—by the solicitude he shows on her account,—by the constant thoughtfulness which he evinces, in regard to the adequateness of his real estate for her support,—the terms in which he expresses the opinion, that it will probably be sufficient for that purpose, which seem to imply a doubt whether it will be, unless it is both well sold and well invested,—and, above all, by the immediate repetition of the bequest of his personal estate to his sister, with the provision subjoined to it, "if my wife has sufficient to support her."

2. We consider that expression to be a qualification, not only of the bequest to which it is immediately superadded, but also of the bequest to the sister, of the same property, *contained in the former part of the will, which is exactly* the same, in its import, and nearly so, in its very terms. The last bequest being only a repetition of the other, the qualification of the one thus repeated is a qualification of that of which it is a repetition. It is a restriction of the self-same idea or determination of the testator's mind, and therefore detracts from the unlimited force or import of the previous expression of it. Such, we think, was his intention. It appears to us, that the first bequest was reiterated by him, and the restriction added to it, obviously for the purpose of *explaining his real meaning, in the first bequest,* and showing that he did not intend to have it understood in an unrestricted sense ; or, that he had changed his first purpose, to make the bequest unrestricted, and concluded thus to qualify it ; in which case, the last bequest, on the familiar principle applicable to wills, would prevail in preference to the first. 1 Jarman on Wills, ch. xv.

3. From these views of the general intention of the testator, and of the restriction to the bequest of the personal property, we think that an implication of a bequest of that property to the wife, of a similar character to that of the real estate, is fairly inferable. That such a bequest may

arise, by implication, is well settled; and we are of opinion that it would not be going farther than several of the adjudged cases, to infer it, in the present instance.

The superior court is therefore advised, that the rejoinder is sufficient.

In this opinion, the other judges concurred.

Rejoinder sufficient.