## BURTON MANSFIELD, TRUSTEE, *vs.* MAGELLAN F. MIX ET AL.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testatrix who had five children—three sons and two daughters— divided her estate into five equal parts, two of which were given in trust for the benefit of the two elder sons, respectively, who were addicted to the excessive use of liquor, until such time as the trustees might think each son capable of acting for himself, when the property was to be conveyed to him in fee, and if not so conveyed was to go to his heirs. Each daughter was to take her one fifth in fee, and the remaining fifth was given to said trustees for the youngest son, *E,* "to be held for his use and benefit until he becomes of age, and afterwards, so long as in their judgment he should manifest the same characteristics as his elder brothers; otherwise to convey the property to him in fee when he becomes of age; and in case they should not convey the property to him, the same shall go to his heirs." This will was executed in 1874. In 1878 *E* became of age and in 1881 the testatrix added a codicil in which she limited the gift to the two elder sons to their lifetime, gave the remainder to her surviving children, and an additional sum to each of her daughters, but made no change in respect to *E's* one fifth. In a suit to construe the will it was *held* that the apparent intent of the testatrix, as gathered from the language of the will, was that *E* should take his portion absolutely in case he attained his majority during her lifetime; that this intent was made still plainer by the terms of the codicil and the circumstances surrounding the testatrix at the time of its execution; and that *E* was therefore entitled to receive his share of the property in fee.

Argued June 14th—decided July 26th, 1898.

SUIT to determine the validity and construction of the will of Ann M. Mix of Westville, deceased, brought to the Superior Court in New Haven County and reserved by that court, *Elmer, J.,* upon the facts alleged in the complaint, for the consideration and advice of this court.

The will in question was executed June 9th, 1874, and the following clauses are the material ones: "1. The provisions of this will are made in view of the fact that my husband has by law the use and improvement of my property during

his life. . . . 5. I give to my trustees one fifth part of my property in trust for my son, William B. Mix, the avails thereof to be applied for his benefit until such time as they shall think him sufficiently sobered down to act for himself, when they are to convey the same to him in fee; and in case they should not convey the property to him the same shall go to his heirs. 6. I give to my trustees one fifth part of my estate for my son, Magellan F. Mix, to be applied for his benefit under the same conditions as the foregoing. 7. I give to my daughter, Margaret W. Mix, one fifth part of my estate forever, in her own right, for her sole and separate use, independent of any husband she may hereafter have. 8. I give to my daughter, Rosalie A. Mix, one fifth part of my estate forever, in her own right, for her sole and separate use, independent of any husband she may hereafter have. 9. I give to my trustees for my son, Ernest Newille Mix, one fifth part of my estate, to be held by them for his use and benefit until he becomes of age, and afterwards, so long as in their judgment he should manifest the same characteristics as his elder brothers; otherwise, to convey the property to him in fee when he becomes of age; and in case they should not convey the property to him the same shall go to his heirs. 10. I appoint Charles Peterson and John W. Mansfield, of New Haven, the executors of my will and trustees of my estate."

At the date of this will the said William Mix and Magellan F. Mix were addicted to the use of intoxicating liquors in excess of sobriety, and the said Ernest N. Mix had manifested the same characteristics as his elder brothers in this respect, to wit, in the use of intoxicating liquors, although not to the same excess. Said Ernest N. Mix came of age June 24th, 1878. May 31st, 1881, Mrs. Mix executed a codicil to the foregoing will, the material provisions of which are as follows: "I order that upon the decease of my two elder sons, William B. Mix and F. Magellan Mix, the portions willed to them shall revert to my surviving children. I give and bequeath to my two daughters, Margaret and Anna Rosalie, for their unwearied care, attention, affection, and patience during my years of sickness, over and above the

portions already given them, all my stock in the New Haven National Bank, to be held by them in equal shares. In case only one of my daughters is living at my decease it is my will that she shall have all the aforementioned stock. I appoint Charles Peterson and Henry B. Harrison, of New Haven, as my trustees and executors."

Soon after the execution of this codicil Mrs. Mix died, and on December 3d, 1881, her will was duly probated. Henry B. Harrison, one of the trustees and executors, declined to act as executor. Charles Peterson, the other trustee and executor, qualified as executor January 4th, 1882, and continued to act as such until his death in August, 1886. On September 1st, 1886, John C. Hollister was appointed administrator *de bonis non* with the will annexed, upon application of Elihu L. Mix, the husband of Mrs. Mix. Said Elihu L. Mix died December 24th, 1892. January 28th, 1893, Burton Mansfield, the plaintiff, was appointed trustee of the trust created in said will, and duly qualified. All the children named in the will survived the testatrix, and all are now living, with the exception of William B. Mix, who died September 16th, 1894, leaving a widow and one child. The estate of Mrs. Mix was distributed in January, 1896, and there was set out to Burton Mansfield, trustee under said will, for Ernest N. Mix, property amounting to about $15,500. Said Mansfield, trustee, in the exercise of his judgment, is ready to transfer to said Ernest N. Mix the title to said property, if he has authority to do so. All persons interested have been made parties defendant, and have submitted to the Superior Court the following questions: 1. Is the said Ernest N. Mix, in the absence of any judgment by the trustees named in the said will to the effect that he does manifest the characteristics of his older brothers within the meaning of said will, entitled to a transfer of property held for him in trust? 2. Can the plaintiff, as said trustee, convey the property held by him in trust for Ernest N. Mix to said Ernest N. Mix in fee, if in his judgment the time to do so, as described in said will, has arrived? 3. Can he do so in any event, said Ernest N. Mix having arrived at full age

before the death of his mother, said Ann N. Mix? 4. In case he cannot, in whom is the fee of the property so held in trust for Ernest N. Mix? 5. In case he cannot, can said trustee pay over and convey to said Ernest N. Mix any portion of the property held by him in trust, beyond the income thereof? 6. Does the phrase "for his use and benefit," in that portion of the will creating the trust for Ernest N. Mix, allow the payment to him out of the portion held in trust for him, of anything more than the income? 7. Can the plaintiff, as trustee, exercise any discretion under said will and codicil in carrying out the provisions thereof for said Ernest N. Mix, or was the confidence reposed in the trustees named in said will and codicil by the testatrix, of a personal nature, which did not pass to any person who might succeed them in the execution of said trust? 8. Can said Ernest N. Mix dispose by will of the share given in trust for him, in case he cannot convey the property in his lifetime?

*William L. Bennett*, for Ernest N. Mix.

*James H. Webb*, for Charles Dorf Mix.

*Charles R. Ingersoll*, for Margaret M. Wills.

HAMERSLEY, J. The ninth clause of the will is certainly not clear. Any precise meaning that may be given involves some liberties with language used. In such case, controlling force should be given to the apparent intent of the testator. Reading the will and codicil in the light of the surrounding circumstances, as found, we think the clause means: I give to my trustees for my son Ernest, one fifth part of my estate, to be held by them for his benefit, until he becomes of age, and afterwards, should he then in their judgment manifest the same characteristics as his elder brothers, to be held by them for his benefit so long as he manifests such characteristics; otherwise to convey the property to him in fee when he becomes of age; and in case they should not convey the property to him either when he comes of age or afterwards, the same shall go to his heirs.

The will of 1874 shows the intent of Mrs. Mix to treat her five children alike, so far as the habits of her sons will permit. Her desire to give to each son the same absolute estate she gives to each daughter, is plainly indicated. The facts before us show that the two elder sons were addicted to the use of intoxicating liquors in excess of sobriety; Mrs. Mix was satisfied of this, and that neither was, as she states in the will, fit to act for himself. For this reason she gives their shares of her estate to trustees with whom she is well acquainted, to hold for the benefit of her sons until the trustees are satisfied of their reformation and ability to manage their own property. With her youngest son it is different; he uses intoxicating liquors, but not in excess of sobriety. He is seventeen years of age. If at twenty-one he manifests the characteristics of his elder brothers in using liquors to such excess as to be unfit to act for himself, she wants to establish the same protection for the property given him as for that given his brothers; otherwise she wants to give him the same absolute estate she gives to his sisters. Clause nine may fairly be held to give effect to this intention.

If inferences can be drawn from the codicil, the intention appears even more plainly. Seven years have passed since the will was executed. Ernest is now three years beyond his majority. In the codicil she makes new provisions in respect to her two elder sons and her two daughters, but none in respect to Ernest. The inference is strong that she had herself exercised the judgment delegated to trustees only in case of her death before Ernest came of age; and was satisfied to leave the portion willed to him, unhampered by the trust which she deemed necessary in the case of his brothers. And in the codicil she provides that the portions willed to his brothers may after their death go to Ernest and his sisters absolutely.

Ernest having come of age before the testatrix's death, the gift to trustees until he becomes of age is inoperative; and the judgment by the trustees at the time Ernest shall attain his majority in respect to his capacity to act for himself, which is the condition of the further gift in trust, is impos-

sible, and that contingent gift also fails. The gift of the beneficial interest to Ernest remains, with the clear intent that he shall have the legal estate. The testatrix must have foreseen the possibility of this condition and have intended in that event to bequeath the property to Ernest. Such an implication is fairly inferable from the provisions of the will. *Minor* v. *Ferris*, 22 Conn. 371, 378; *Ingersol* v. *Knowlton*, 15 id. 468; *Neely* v. *Phelps*, 63 id. 251, 253.

The third question stated in the complaint must be answered in the affirmative. The other questions, except so far as they may be involved in this, are not pertinent to the case before us.

The Superior Court is advised to render judgment that the property distributed to the plaintiff as trustee for Ernest N. Mix belongs to said Ernest N. Mix, and should be transferred to him by the plaintiff.

In this opinion the other judges concurred.