HENRY S. CHASE ET AL., ADMINISTRATORS, *vs.* AARON A.
BENEDICT ET AL.

LOUIS D. GRIGGS ET AL. APPEAL FROM PROBATE.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator gave a specific portion of his property in trust for his grandson
    and the latter's heirs forever, directing the trustee to pay over the
    net income to the legatee, together with such portion of the princi-
    pal as the trustee might deem necessary for the beneficiary's support
    and education; and provided that whenever in the opinion of the
    trustee the legatee became capable of prudently managing the prop-
    erty, all of it then remaining should be turned over to him. *Held*
    that the testator's intent to give his grandson the entire beneficial
    interest in the property specified, was sufficiently clear; and as the
    limitations on his legal title were certain to cease at the legatee's
    death, if not before, he could lawfully dispose of the property by
    will.
Under the rules of equity practice prevailing in this State, parties to an
    interpleader suit, or one in the nature of interpleader, are not enti-
    tled to have counsel fees allowed and paid out of the fund in con-
    troversy; especially in the absence of any such claim in the pleadings.
What effect Chap. 42 of the Public Acts of 1893, *de* complaints in the
    nature of bills of interpleader, may have when an allowance is
    claimed in proceedings brought under it, *quære.*
The ascertainment of heirs or distributees is a mere incident to the order
    of distribution, and a separate application for such determination
    under § 628 of the General Statutes is unnecessary and improper.
A refusal to determine the distributees, upon the ground that the ap-
    plication only asks for an order of distribution, although erroneous,
    is harmless if there is no estate to distribute.

Argued June 13th—decided October 27th, 1899.

THE first of the above-named cases — Chase et al., Admin-
istrators, v. Benedict et al. — was an action in the nature of
interpleader to determine the title of the defendants to a
trust fund, and was brought to the Superior Court in New
Haven County and tried to the court, *Shumway, J.;* facts
found and judgment rendered for the defendant Charles C.
Read, executor of the will of George H. Benedict, deceased,

and appeal by the other defendants for alleged errors in the rulings of the court. *No error.*

The second case — Louis D. Griggs et al. Appeal from Probate — was an appeal from a decree of the Court of Probate for the district of Waterbury denying an application for an order of distribution, and was taken to the Superior Court in New Haven County and tried to the court, *Shumway, J.;* facts found and judgment rendered affirming the action of the Court of Probate, and appeal by the applicants for alleged errors in the rulings of the court. *No error.*

The material facts in these two cases, which were argued as one, are as follows : —

Aaron Benedict died February 9th, 1873, leaving a large estate. His will was proved before the Court of Probate for the district of Waterbury in New Haven County, and his estate was settled in that court. After providing for his widow, the residue of his estate was divided into ten shares and disposed of as follows : three shares were given to his son Charles ; two shares to his daughter Charlotte A. Buckingham ; two shares to his daughter Mary L. Mitchell ; while three shares were divided into four parts, and these were given : one part to Mary C. Griggs, daughter of his deceased son George W. Benedict; one part to Fanny J. Rice, daughter of said deceased son ; two parts to his son Charles, in trust for Aaron A. Benedict and George H. Benedict, sons of said deceased son.

The clause expressing the gift to his said grandsons reads as follows: " And the remaining two (2) of said shares of my estate I give, devise and bequeath to Charles Benedict, trustee, in trust, and to his successor in said office, for my following-named grandsons, children of my said son, George W. Benedict, deceased, and to their heirs forever, upon the following trusts and conditions, viz : to George H. Benedict and Aaron A. Benedict each one (1) of said portions or shares. And I do hereby authorize and empower said trustee and his successor in said trust to invest, sell, and reinvest from time to time said trust estate, and manage the same as he shall deem most safe and judicious and best for the interests of said

legatees, and from time to time to pay over and expend for each of said legatees the net income from each of their respective portions or shares, together with such portion of the principal of their respective portions or shares as said trustee or his successor shall deem necessary for their respective support, comfort, maintenance, and education. And whenever in the opinion of said trustee or his successor in said trust either of said legatees shall become matured, with settled principles and habits of economy and industry, and capable of prudently managing their respective portions or shares, I order and direct and it is my will, that said trustee or his successor in said trust do pay over to such legatee so much of his respective portion or share as shall be then remaining."

His son Charles Benedict was appointed executor of the will. The final administration account was settled and approved June 8th, 1874. September 7th, 1874, distribution of the estate was made by all the parties in interest, in pursuance of the statute. By this distribution there was divided and set to Charles Benedict, trustee for George H. Benedict, one undivided one fourth of three tenths of all real estate named and described in the inventory of said estate, said share being valued at $15,375; also stocks, bonds, cash and other personal estate to the amount of $71,926.86. And in like manner one fourth of three tenths was divided and set to Charles Benedict, as trustee for Aaron A. Benedict.

Charles Benedict died in 1881, and Henry C. Hayden was appointed in his place as trustee for George H. Benedict. Mr. Hayden resigned the trust June 12th, 1882, and Augustus S. Chase was appointed trustee in his place. October 4th, 1888, George H. Benedict executed a will, and died shortly afterwards in 1888. This will was approved and administration granted by the proper court in Massachusetts. Charles C. Read was appointed executor.

The will of George H. Benedict, after giving five legacies amounting to $2,100, gave the residue of his estate, " of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, or over which I have or may have

at my decease any power of disposition," to Augustus S. Chase of Waterbury, in trust to use for the benefit of Susan M. Benedict his wife, during her life; and the balance remaining upon her death, after payment of legacies for charitable uses amounting to $5,500, was given " to my then heirs at law."

After the death of George H. Benedict, Augustus S. Chase held said trust estate and administered the same in accordance with the will of George H. Benedict, until his death. The widow of George H. Benedict died in May, 1895, and in the following June Augustus S. Chase died.

At the date of Augustus S. Chase's death, there remained in his hands of the trust estate the sum of $30,549.90. This sum came into the possession of the administrators on the estate of Augustus S. Chase, to wit, Harry S. Chase, Irving H. Chase and Frederick C. Chase. On September 1st, 1896, these administrators filed in the Court of Probate for the district of Waterbury a statement of the property so in their possession. September 7th, 1897, Mary C. Griggs, and Louis D. Griggs her husband, Aaron A. Benedict and Charlotte R. Benedict—they being (except the husband) the apparent heirs at law of George H. Benedict, and also the residuary legatees under his will — together with the administrators on the estate of A. S. Chase, filed in the Court of Probate an application praying that said sum of $30,549.90 be distributed as testate estate under the will of Aaron Benedict. Upon this application the Court of Probate, on August 19th, 1897, made the following order: " The court finds the following facts, to wit: 1. That it is a matter of dispute and disagreement between the parties in interest as to who the heirs or distributees of said trust estate are, under the will of said Aaron Benedict, deceased. 2. That on account of said dispute and disagreement it is necessary for this court to ascertain the heirs or distributees of said trust estate according to § 628 of the General Statutes. 3. That said foregoing application does not ask the court to ascertain the heirs or distributees of said trust estate; therefore the court denies the said foregoing application. Robert A. Lowe, Judge."

The above appeal to the Superior Court was taken from this order by Louis D. Griggs et al., and by the administrators on the estate of Augustus S. Chase. The Superior Court affirmed the probate decree, and Louis D. Griggs et al. appealed to this court.

After the probate appeal had been entered in the Superior Court, the administrators on the estate of Augustus S. Chase brought the afore-mentioned action of interpleader. The complaint alleges the foregoing facts so far as necessary, and that the fund in the plaintiffs' hands is claimed on the one side by Louis D. Griggs et al. and on the other by the executor of the will of George H. Benedict, and prays that the parties defendant may interplead and have their legal rights adjudicated. The facts alleged were admitted by the defendants, and no substantial issue of fact was raised by their interpleading.

The Superior Court adjudged that the plaintiffs pay over the fund with its increment, less the amount fixed for their services and expenses in management and less $3,000 allowed for counsel fees to Charles C. Read, executor of the will of George H. Benedict. From this judgment the defendants Louis D. Griggs et al. appealed to this court.

There is only one substantial claim of error in both cases, and it is thus stated: The court erred in holding, under the facts found, that George H. Benedict, *cestui que trust* named in said will of Aaron Benedict, had any devisable or bequeathable interest in said estate.

*Charles W. Gillette*, for the appellants (Aaron A. Benedict et al.).

*Stephen W. Kellogg*, for the appellees (plaintiffs).

*George E. Terry*, for the appellee (Charles C. Read, executor).

HAMERSLEY, J.    As to the case of Henry S. Chase et al., Administrators, v. Aaron A. Benedict et al.

Chase et al., Admr., *v.* Benedict et al.

The will of Aaron Benedict, in substance, gives a specific portion of his estate to Charles Benedict, trustee, and to his successor in office, in trust for the grandson of the testator, George H. Benedict, and to his heirs forever. The trustee is directed to pay over the income, and such portion of the principal as he may deem necessary for the support of the legatee, and whenever in his opinion the legatee is capable of prudently managing the estate, the trustee is ordered and directed to "pay over to such legatee such portion of his share as shall be then remaining."

The language of the will is sufficiently clear to express the testator's intent to give to George H. Benedict the whole interest in the property mentioned; to establish a temporary trust for the sole purpose of securing to him a greater advantage from the gift; to limit the duration of this trust by the life of the legatee; and to order the trustee to sooner terminate it if its beneficial purpose is sooner accomplished. Even if the language were deemed less certain, such intention would be plainly implied by the provisions of the will, and would control. *Mansfield* v. *Mix*, 71 Conn. 72, 77. As George H. Benedict owned, absolutely, the beneficial interest in the fund in question, and the limitations on his legal title were certain to cease at death, if not before, he could lawfully dispose of the fund by will.

It follows that the defendant, Charles C. Read, executor, is entitled to the fund in the hands of the plaintiffs.

There is, however, an apparent error in the judgment. This is a bill of interpleader. The judgment directs the plaintiffs, who stand indifferent with no contention to maintain, to take from the fund $1,000 for counsel fee, and to pay from the fund the same sum to each of the defendants who have been contesting between themselves the right of possession. He who seeks by an equitable action to recover or secure a fund in which others have an interest similar to his own has occasionally in some jurisdictions been allowed a charge upon it for the expenses of his suit. In this State, by statute, in proceedings by executors to determine the construction of a will, allowances for counsel fees may be made

to the parties, at the discretion of the court. General Statutes, § 1124. It may be that under the Act of 1893 (Public Acts of 1893, p. 222), the stakeholder, in a proceeding in the nature of a bill of interpleader authorized by the Act, may ask and receive similar relief. *Union Trust Co.* v. *Stamford Trust Co.*, 72 Conn. 86. But in the case at bar no such claim was stated in the complaint, and the allowances were made on the theory that they were sanctioned by the ordinary principles of equity practice governing bills of interpleader, or bills in the nature of bills of interpleader. We have given an opportunity to the representatives of the estate, out of which these allowances have been ordered to be paid, to be heard in respect to the validity of the judgment in this respect. They have submitted no argument on this point, and must be presumed therefore to be willing parties to the imposition of such charges. In view of this, and in the absence of any reason of appeal by any party on account of this feature of the judgment, we do not order a reversal; and have stated the law upon the subject simply to avoid any seeming sanction of these allowances, for which we perceive no lawful ground.

As to the appeal from probate. The Court of Probate properly refused to order distribution, although the reason given is wrong. Had there been any estate under the will of Aaron Benedict to distribute, the court should have ordered a distribution, and if necessary for that purpose should have ascertained the distributees. The ascertainment of heirs or distributees is a mere incident to the order of distribution; and a separate application for that purpose under § 628 of the General Statutes is unnecessary and improper. *Mack's Appeal*, 71 Conn. 122, 129. There was, however, not only no estate for distribution, but the estate of Aaron Benedict was not before the court for settlement. The application was wholly improper. It could not be entertained, and should have been dismissed; and so the judgment of the Superior Court upon appeal should have adjudged the application for distribution to be unfounded, without affirming

the erroneous probate decree.   This, however, is an error in form, insufficient to be made ground of reversal.

In the case of Henry S. Chase et al., Administrators, v. Aaron A. Benedict et al., there is no error.

In the case of Louis D. Griggs et al. Appeal from Probate, there is no error.

In this opinion the other judges concurred.