## The Phœnix Insurance Company *vs.* Sarah A. Carey et als.

Third Judicial District, New Haven, January Term, 1908.
Baldwin, C. J., Hamersley, Hall, Prentice and Thayer, Js.

Whether a decree requiring one of the parties to pay into court the fund in his hands, less a reasonable sum allowed him for counsel fees and expenses, and ordering the remaining parties to interplead concerning their rights to said fund, is such a final judgment between the stakeholder and a claimant of the fund as to entitle the latter to appeal, *quœre.*

The grant or denial of a temporary injunction is a matter addressed to the sound discretion of the judge, and will be reviewed on appeal only when such discretion has been abused, or when it appears from the record that no equitable case exists.

The allowance of a reasonable sum to the stakeholder of the fund, for counsel fees and disbursements, in an action in the nature of interpleader, is authorized by § 1019 of the General Statutes.

A judgment-debt the payment of which is prevented by an injunction, ought not to carry interest, unless it appears that a profit or advantage has actually been derived from the use of the money during the pendency of the injunction. The mere fact that the debtor did not set aside the amount of the judgment and keep it intact, is of very slight importance as affecting his liability for interest.

In this State the stakeholder in an action of interpleader, or one in the nature of interpleader, is not required, either under the general rules of equity practice, or by the provisions of General Statutes, § 1019, to bring the fund into court, in the absence of an order of court to that effect; and such an order will ordinarily be passed upon application of any party to the suit who claims the fund.

A "stipulation" of counsel which is urged as the basis of an alleged error of the trial court, must appear of record, either by the pleadings, a bill of exceptions, the judgment-file, or a finding of facts signed by the judge. Its incorporation in a "memorandum of decision" is not sufficient to present the alleged error on appeal, unless such memorandum is by the trial court made part of the record.

The case of *Woodruff* v. *Bacon*, 35 Conn. 97, explained and limited.

Argued January 21st—decided March 3d, 1908.

Action in the nature of interpleader to determine the rights of the respective parties in and to a judgment-debt

due from the New York, New Haven and Hartford Railroad Company to the defendant Carey, and claimed by the plaintiff and several other fire insurance companies, also for an injunction, brought to the Superior Court in Fairfield County where, upon a cross-complaint filed by the railroad company, which was found to be true, an interlocutory order was rendered (*Roraback, J.*) requiring said company to pay into court the amount of the debt, but without interest since the date of the judgment, and appeal by the defendants Carey and Morse, who claimed interest thereon.  *No error.*

*Leonard J. Nickerson*, for the plaintiff and defendant insurance companies.

*Charles S. Hamilton* and *Caleb A. Morse*, for the appellants (defendants Carey and Morse).

*William B. Boardman*, for the appellee (defendant New York, New Haven and Hartford Railroad Company).

HALL, J.   This action was commenced by complaint dated July 26th, 1905.

The defendants are Sarah Carey, Caleb A. Morse, The New York, New Haven and Hartford Railroad Company, and three described insurance companies.

The complaint alleges, in substance, that the plaintiff company in June, 1904, paid to the defendant Mrs. Carey $1,500 insurance upon the loss sustained by her by the burning of her hotel building in the town of Kent on the 28th of April, 1904, from fire communicated by a locomotive of the New York, New Haven and Hartford Railroad Company; that upon a suit brought to the Superior Court by Mrs. Carey in July, 1904, against the railroad company for said loss, a judgment was rendered in her favor and against said railroad company in May, 1905, for $5,719.04; that said railroad company has said sum in its possession and is about to pay it to Mrs. Carey; that she is insolvent,

and is endeavoring to collect said judgment and to assign it and defeat the rights of the plaintiff; that the defendant Morse claims to have received an assignment of said judgment; and that the three defendant insurance companies claim an interest in it by reason of insurance paid by them to the amount of $2,700 for said loss.

The complaint asks for an injunction restraining the defendants Carey and Morse from collecting, and the railroad company from paying, the judgment; that the parties be required to interplead, and for a judgment determining the rights of all the parties.

On the date of the complaint a temporary injunction was issued by a judge of the Superior Court restraining the collection by Carey or Morse, and the payment by the railroad company, of the whole or any part of said judgment, "until the rights and claims of the Phoenix Insurance Company, and all the other parties named in said writ and complaint have been fully determined, settled and adjudicated, and then only in such manner and to such persons as the Superior Court shall order and decree, . . . and until said Superior Court shall make further order and decree in the premises."

In November, 1905, the defendants Carey and Morse filed answers admitting some of the allegations of the complaint, and denying or requiring proof of others.

In March, 1907, the defendant New York, New Haven and Hartford Railroad Company having answered the complaint, filed a cross-complaint alleging that Mrs. Carey had obtained the judgment against it before described; that the railroad company on the 27th of May, 1905, had been notified of an assignment of said judgment to the said Morse, and on the 27th of July, 1905, of another assignment of it; that the four named insurance companies claimed that by having paid said insurance upon the property so destroyed, amounting in all to $4,200, they were respectively subrogated, to the extent of such payments, to the rights of Mrs. Carey in said judgment; that the railroad company was ignorant of the respective rights of

Carey, Morse and said insurance companies; that it had no claim to said sum of $5,719.04, and was ready and willing to deliver it to such person as the court might direct. The cross-complaint asked that upon the delivery by the railroad company of said sum to such person as the court might order, less a reasonable allowance, it be discharged from all liability to the remaining parties to this action, and that they be required to interplead among themselves concerning their claims to said sum.

None of the parties to the action having either answered or demurred to this cross-complaint, or to its prayers for relief, the court on the 13th of December rendered an interlocutory judgment fixing such allowance at $100, and ordering that the railroad company be discharged from all liability upon payment of $5,728.78 to the clerk of the court, and that the remaining parties interplead.

The judgment-file, signed by the trial judge, states that the parties " were at issue as on file," and that the court " did not and does not pass upon any of the questions involved in the issues on file, except to find the allegations of the cross-complaint to be true and proven " and that one of the alleged assignees had no interest in the judgment.

In his " Memorandum Upon Question of Interest," filed by the trial judge, he says " the following stipulation in relation to interest has been made and signed by all the parties. . . ." There follows a copy of what is entitled " Stipulation de Interest," signed by the attorneys of all the parties to the action and indorsed by the clerk as filed, and stating, in substance, that while the railroad company did not set apart any separate sum to pay said judgment, it had at all times ample funds both in cash and on deposit, subject to immediate withdrawal by check, with which to pay the judgment, and that while it never tendered payment of it, it would, had it not been enjoined, have paid it immediately, if demanded, and if not demanded, would have paid it in its regular course of business in from one to two weeks. Another copy of said stipulation is elsewhere printed in the appeal record, in connection with another

memorandum of the trial judge. The judge further says in said " Memorandum Upon Question of Interest " that " during this entire period the retention of this money by the railroad company was not voluntary but compulsory, because payment was forbidden by lawful orders of this court " ; that " an examination of the files shows that the insurance companies have been strenuously contending for this very procedure since May, 1905, while the attorneys for Mrs. Carey have vigorously opposed this proposition, and during this contention the money was in the railroad company's possession by the express order of this court " ; and that he is unable to discover any theory or principle connected with the transaction upon which to hold the railroad company liable for interest.

The first and third of the errors assigned in the appeal to this court are : (1) " In issuing *ex parte*, an injunction " restraining the railroad company from paying said judgment " upon a mere application of the Continental Insurance Company to be made a party to the suit." (3) " In issuing *ex parte* an injunction upon the application of the said Phœnix Insurance Company in the suit to which the cross-complaint of the New York, New Haven and Hartford Railroad Company was filed, and which has been granted by the judgment of December 13th, 1907."

The remaining assignments are, in effect, that the court erred in not requiring the railroad company to pay any interest upon the amount of the judgment against it, for the period between the date of such judgment and that of the interlocutory judgment on the cross-complaint, and in allowing it $100 for counsel fees and expenses.

Whether the judgment entitled " Interlocutory Judgment of Interpleader " is such a final one between the railroad company and the appellants as to entitle the latter to take this appeal, we do not decide, since all question upon that point is waived by the appellee.

We find no support in the record for said first and third reasons of appeal. General Statutes, §§ 1002–1005, authorize judges of courts of equitable jurisdiction to grant such

*ex parte* preliminary injunctions as those in question, " if the circumstances of the case demand it." The ordering or denying of such injunctions rests in the sound discretion of the court or judge to whom the application is made, and will be reviewed only when such discretion has been abused, or when it appears from the record that no equitable case exists. *Hine* v. *Stephens*, 33 Conn. 497, 505; *Thompsonville Scale Mfg. Co.* v. *Osgood*, 26 id. 16.

The first of the two temporary injunctions complained of in the appeal, if the record gives us any proper information concerning it, appears to have been granted in a case not before us. An examination of the record discloses nothing irregular or improper in the issuance of the second one, the one here in question, which was granted before the session of the court to which the action was returnable. On the contrary, the circumstances of the case seem to have demanded such action.

The sum allowed the railroad company for counsel fees and expenses ($100) does not appear to be unreasonable. The granting of such an allowance is authorized by § 1019 of the General Statutes. *Union Trust Co.* v. *Stamford Trust Co.*, 72 Conn. 86, 93, 43 Atl. 555. It was asked for in the cross-complaint, and no one appears to have opposed its allowance. There was no error in granting it. *Chase* v. *Benedict*, 72 Conn. 322, 328, 44 Atl. 507.

By § 897 of the General Statutes, interest at the legal rate is allowed on judgments. Among the cases cited by the appellants in support of their claim that the court should have required the railroad company to pay interest on the amount of the judgment, after the injunction was issued restraining its payment, is that of *Woodruff* v. *Bacon*, 35 Conn. 97. It was a material fact in that case that the defendant had not only mingled the attached funds with his own, but had actually used them, so that at times he would not have had sufficient money to pay the rightful owner the sum due him had he demanded it. That case is criticised and limited as an authority in *Candee* v. *Skinner*, 40 Conn. 467, where it is said of it, that the court " may

well be regarded as having taken somewhat extreme ground," and that if all that appeared in that case had been " that the money sequestered was mingled with the private funds of the garnishee, and not kept entirely sepa-rate . . . it would be impossible to reconcile the decision with the weight of authority." The conclusion reached in *Candee* v. *Skinner* is that a garnishee is not chargeable with interest unless " it appears, or from the facts can be fairly presumed, that he has actually derived some advantage from the use of the money or received some interest or profit from its use by others," and that " the mere fact that he does not keep the attached fund unmingled with his, except so far as such commingling raises a presumption of its use by him, is of very slight importance as affecting his liability for interest." No greater liability than this, for interest upon a judgment while its payment is restrained by injunction, should be imposed.

The plaintiff in a bill of interpleader, or one in the na-ture of a bill of interpleader, is not required, in this State, either under the general rules of equity practice or by § 1019 of the General Statutes, to bring the money which is in question into court. *Nash* v. *Smith*, 6 Conn. 421, 426. As under the general practice, when the fund was not brought into court by the plaintiff, the court, upon the application of either of the defendants, would order it paid in (*Nash* v. *Smith*, *supra*), so in the present case it was within the power of the court, under § 1019, to have made such an order, upon the application of any of the parties. The order of the judge issuing the temporary injunction was in effect a command that the railroad company retain possession of the fund until further order of court. That order remained in force until the interlocutory judgment appealed from was rendered. The appellants could, at an earlier day, had they desired, have procured any proper modification of it.

The contention of the railroad company, that the ques-tion of whether interest should have been allowed upon the facts stated in the " Stipulation de Interest " is not properly

presented by this appeal, must be sustained. Such alleged error does not appear upon the record. If committed, it should be disclosed by the pleadings, a bill of exceptions, the judgment-file, or a finding of facts signed by the trial judge. *Hoadley* v. *Savings Bank of Danbury*, 71 Conn. 599, 611, 42 Atl. 667. It does not appear in the pleadings. None of the facts contained in the " stipulation " were alleged in the cross-complaint nor by any answer to it, nor was any issue of law, as to the duty of the railroad company to pay interest before it should be discharged " from all liability to the remaining parties, " raised by demurrer, since there was neither answer nor demurrer to the cross-complaint. There is no bill of exceptions. It does not appear in the judgment-file. That states that the court did not pass upon any of the questions involved in the issues on file, except to find the allegations of the cross-complaint true. If there were other issues raised and decided than those on file, what they were, and between what parties, what facts were found concerning them, and how they were decided, should appear either by the judgment-file or by a finding of facts. No others appear in the judgment-file. There is no finding of facts, except that the allegations of the cross-complaint are true, unless the memorandum of decision and the stipulation filed constitute such a finding. The memorandum of decision forms no part of the record unless made so by the trial judge. It is the opinion of the trial judge. *Styles* v. *Tyler*, 64 Conn. 432, 439, 30 Atl. 165; *Cummings* v. *Hartford*, 70 Conn. 115, 123, 38 Atl. 916. The formal and authoritative expression of the court's decision should generally be found in the judgment-file. *Coughlin* v. *McElroy*, 72 Conn. 444, 44 Atl. 743. The trial judge is not required to file a memorandum of decision, except in rendering a decision upon a demurrer. General Statutes, § 765. When filed, it is required to be printed in the appeal record. Practice Book, 1908, p. 275, § 23. It may be resorted to by this court for the purpose of ascertaining the rulings of the trial court upon questions of law, or for interpreting the finding of facts. *Cummings*

v. *Hartford*, 70 Conn. 115, 124, 38 Atl. 916; *Waters* v. *White*, 75 Conn. 88, 92, 52 Atl. 401. Such a stipulation as that filed does not become a part of the record unless made so by the trial court. It is merely a substitute, for use in the trial court, for the regular legal evidence of the facts stated in it. 1 Greenleaf on Ev. (13th Ed.) § 205. We cannot regard it, or the memorandum of decision, or both of them, as constituting a finding of facts which will take the place of that required by the provisions of either § 759 or § 792 of the General Statutes.

The appellant has failed to sustain any of his reasons of appeal.

There is no error.

In this opinion the other judges concurred.