EDWARD E. ROWELL *vs.* THE STAMFORD STREET RAILROAD COMPANY.

Third Judicial District, Bridgeport, April Term, 1894. ANDREWS, C. J., TORRANCE, BALDWIN, F. B. HALL and THAYER, Js.

A written notice of the nature of an injury received on a highway stated that the plaintiff's "horses were thrown violently to the ground, and both were strained, bruised and lamed, one especially was injured in the ankle joint whereby he has been useless to the subscriber since the accident, and is more or less permanently injured." *Held* sufficiently definite.

The visible condition of a highway while undergoing alterations or repairs may of itself be a signal or warning of danger to one driving over the highway.

The defendant dug a trench seven feet long under its railroad tracks located in the middle of the highway, and threw the dirt, cobble stones, pieces of ties, etc., to the west of its tracks in a pile which extended to the west side of the street. The plaintiff, who had driven through the street two or three times shortly before the accident and had a full opportunity to see the defendant's men at work, drove on to the track and one of his horses was injured by the trench. The trial court admitted the evidence as to the visible condition of the highway but ruled that the pile of dirt, cobble stones, pieces of ties, etc., indicated only

that the westerly side of the highway was impassable. *Held* that the refusal or omission of the court to consider or weigh this evidence as tending to indicate to one who had the knowledge of the circumstances which the plaintiff had, that there was danger at the place of accident, for which purpose it was offered by the defendant, was error, and entitled the defendant to a new trial.

[Argued April 25th—decided June 12th, 1894.]

ACTION to recover damages for an injury to a horse alleged to have been caused by the negligence of the defendant; brought to the Court of Common Pleas in Fairfield County and tried to the court, *Curtis, J.;* facts found and judgment rendered for the plaintiff, from which the defendant appealed for alleged errors in the rulings of the court. *Error, and new trial granted.*

The negligence charged against the defendant was its failure to keep in sufficient repair that part of a highway in the town of Stamford which it was bound to maintain.

The plaintiff gave to the defendant the following notice : " *To the Stamford Street Railroad Co. :*

" Please take notice that on June 30, 1892, a little before one o'clock in the afternoon, the subscriber suffered an injury to his property on account of driving into an excavation in that part of the highway occupied by your track on Atlantic street, opposite the barber shop at 122 Atlantic street, and which excavation was made by your servants, and negligently left without any signal, or notice to a person driving that it was there. The nature of such injury to his property being that his horses were thrown violently to the ground, and both were strained, bruised and lamed, one especially was injured in the ankle joint whereby he has been useless to the subscriber since the accident, and is more or less permanently injured. Stamford, August 3, 1892. Edward E. Rowell, By Hart & Keeler, His attorneys."

The other facts are sufficiently stated in the opinion.

*Julius B. Curtis* and *Robert A. Fosdick*, for the appellant (defendant).

*Nathaniel R. Hart* and *John E. Keeler*, for the appellee (plaintiff).

ANDREWS, C. J. The notice given by the plaintiff to the defendant. was sufficient. *Tuttle* v. *Winchester*, 50 Conn., 496 ; *Brown* v. *Southbury*, 53 Conn., 213 ; *Lilly* v. *Woodstock*, 59 Conn., 219.

Section 1135 of the General Statutes forbids this court to consider on any appeal any errors, " unless they are specifically stated in the reasons of appeal." In this case the reasons of appeal do not state specifically any error of fact. We therefore omit all such claimed errors from consideration.

The track of the defendant is laid on and along Atlantic street in the city of Stamford. That street is a paved and much traveled highway in said city, running north and south. The charter of the defendant requires it to maintain in good and sufficient repair that part of any street or highway over which its track is laid, and a space five feet wide on each side of its track. The plaintiff alleged in the complaint that on the 30th day of June, 1892, the defendant dug a trench under its track in said Atlantic street and " negligently left said trench unguarded and without any signal, warning, or other indication that there was danger in driving over the said highway ; " and that in consequence of such negligence of the defendant, and without any fault or negligence on his part, his horses, while he was driving over said highway, got into said trench, and were violently thrown and greatly injured.

The defendant in his first defense, denied all the material allegations of the complaint.; and a second defense averred certain facts from which it claimed that the said trench was not left " without any signal, warning or other indication that there was danger in driving over the said highway." These facts were in turn denied by the plaintiff. Upon these averments and denials the trial was had.

It seems not to have been disputed at the trial that there was, on the day mentioned, across and at right angles with the defendant's track in said street, a trench about seven feet long, fifteen inches wide, and thirteen inches deep, and extending about fourteen inches outside of the track on each side, into which the plaintiff drove, and his horse received

the injury of which he complained. It appeared that a day
or more prior to the said day, the Stamford Water Company,
for the purpose of repairing or relaying its pipe in said street,
had made an excavation therein for a distance of about fifty
feet diagonally across and under the track of the defendant,
and in so doing had severed six or seven of the railroad ties,
and had disturbed the paving stones. The water company
left the dirt and other material from its excavating on the
west side of the track, extending from the track nearly to
the curb of the street, and rendering that side of the street
impassable ; and it also appeared that on said day the de-
fendant dug said trench under its track for the purpose of
replacing one of the ties which had been so severed by the
water company with a new one.

The plaintiff's injury happened at about one o'clock in the
afternoon while the defendant's workmen were absent from
their work at dinner. He was driving a pair of spirited
young stallions at a speed of six or seven miles an hour, and
did not slacken that rate or attempt to turn from the rail-
road track until he was within from twenty to ten feet of the
said trench. During the forenoon of that day the defend-
ant's workmen had dug the trench, and had placed the earth
taken therefrom upon the pile of earth which the water com-
pany had left. This was fresh earth. There was also on
said pile the cobble stones thrown out, the paving stones,—
about one and a half cubic yards of Belgian block,—the
pieces of severed ties, and scattered around, the tools of the
workmen. The plaintiff had driven through the street dur-
ing the forenoon two or three times, and had a full opportu-
nity to see the laborers of the defendant at work digging
the said trench.

The sole contention, so far as this court is concerned, was
whether the plaintiff was chargeable with contributory neg-
ligence ; or—to state the matter somewhat more narrowly—
whether the said trench was left, as the plaintiff had alleged,
without any indication that there was danger in driving over
that part of the said highway, or, as the defendant had as-
serted, was not so left. The defendant relied on these facts

as tending to prove its contention ; and insisted that the fresh earth thrown upon the pile left by the water company, the cobble stones, the paving stones and the scattered tools of the workmen, did indicate to one who had the previous knowledge of the condition of things at that place which it is shown the plaintiff had, that there was danger in traveling on that part of the defendant's track. The court, however, found that all these things were " additions simply to the débris already there, indicating only as the same débris had indicated for days, that the westerly side of the street was impassable." The force of this finding is in the word " only." If these facts indicated *only* that the west side of the street was impassable, then they did not tend to indicate that there was any danger in traveling on the railroad track at that place ; and the finding of the court is equivalent to a ruling that the facts above recited did not tend to prove the defendant's claim. That this is the meaning which the court intended this language to bear, is made entirely certain by what the judge says in the memorandum of decision. He there says, in reference to these same facts : " I do not think this mass of débris or any part of it can properly be considered as giving a traveler any notice other than that the west side of the street was impassable." We think there was error. While there was no formal ruling that the evidence was inadmissible, the finding shows that the court did not consider it or weigh it at all as tending to prove what the defendant had alleged. The error is no less when the court refuses, or omits, to consider evidence which is properly admitted, than it would be if the court should refuse to admit the evidence. The party offering the evidence is deprived of its value in the case as much by the former course as by the latter. It is very clear that the evidence, taken in connection with the knowledge and the means of knowledge which the plaintiff had, did tend to show that he was justly chargeable with negligence contributory to his own injury. It is true that a traveler has a right to presume that the highway will be free from dangerous pitfalls. It is equally true that every traveler must act reasonably. He must use

his senses to avoid danger. He must not shut his eyes. If he has knowledge that a dangerous place exists, there can be no presumption in his favor. He must exercise care not to fall into it, and he is bound to make use of all the means of knowledge which are reasonably open to him. But we are not concerned now with the weight of the evidence. We are only showing that it was admissible, and should have been considered by the court for the purpose for which the defendant claimed it; and because it was not so considered there must be a new trial. There is error and a new trial is granted.

In this opinion the other judges concurred.