THOMAS MULLIGAN *vs.* THE CITY OF NEW BRITAIN.

First Judicial District, Hartford, March Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

Where a city street in the middle of which a car track is laid, dividing the ordinary course of travel into two streams, is undergoing repairs, and so in a defective condition, it cannot be held as matter of law that a danger sign placed upon one side of the car track is not a reasonable warning to those approaching on the other.

Reasonable care under all the circumstances may in fact call for great or extraordinary care; but this is because the conditions demand it and nothing less would be reasonable in contemplation of law.

[Argued March 2d—decided March 23d, 1897.]

ACTION to recover damages for personal injuries received through the alleged negligence of the defendant, brought to the Superior Court in Hartford County and heard in damages to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiff for $1,000, and appeal by the defendant for alleged errors in the rulings of the court. *Error.*

The finding of the court showed the following state of facts :—

The plaintiff, who was driving a single horse in a covered

buggy, had just turned from Park street in the defendant city, into Main street, when the horse, which was more than ordinarily gentle, although afraid of a steam road-roller, caught sight of one on Main street, about 250 feet north of its junction with Park street, and immediately became frightened and ran away.    This was at about 1:15 P. M.    The roller had been on the same spot since 9 A. M.    It was stationary, and steam and smoke in small quantities were issuing from it.    It was a large roller, ten feet high and twenty-four feet long, and when either stationary or in motion, was; as the defendant well knew, an object calculated to frighten horses of ordinary gentleness, traveling upon Main street or the contiguous streets from which it might be visible.    Main street was fifty feet wide from curb to curb, and a single track electric street railway ran through the middle, which practically divided the street into two highways, and travelers in vehicles take one side of the track or the other.    The roller was on the westerly side of the track, about two feet from the westerly street curb.    Park street joins Main street in such a way as to form an obtuse angle with it at " Boyle's corner."    A wooden sign about a foot wide and four feet long had been placed by the defendant on the west side of Main street, 20 or 30 feet north of the junction.    It bore, in large white letters on a red background, the words

## LOOK OUT FOR THE STEAM ROLLER
## STREET CLOSED.

The sign stood three feet above the ground and was set about three feet from the west rail of the railway track.    A traveler driving from Park street into Main, and looking across to the west side of Main street could have seen this sign, and, if of good eyesight, have read the words thereon.    A similar sign was set on Main street near the corner of Arch street, which was the next cross street north.    That part of Main street east of said railway was designedly left open by the defendant for public travel, and no signs or warnings were placed on any part of the same to give notice to travelers thereon. that this part of the street was closed, or that the

steam roller was upon the opposite side of the highway. Said sign was not so placed as to give travelers upon the easterly part of said highway approaching Main street from Park or Elm streets, and in the exercise of ordinary care, warning of the presence of said steam roller at the point where it was stationed. The plaintiff had no notice or warning of the said roller, or that the street was closed, or of any danger in traveling upon said highway. The defendant had other signs similar to the one placed upon the westerly side of Main street, which it could have placed on the easterly side of said street, and which, if so placed, would have been a sufficient warning or notice to persons traveling upon said easterly highway of the presence of said roller. The sign so placed upon the westerly side of Main street was not adequate warning or notice to travelers upon the easterly side of Main street, approaching from Park street. Public travel by teams on said Main street could have been entirely stopped without public inconvenience of a serious character, while said street was being repaired. Access to and egress from the buildings along the line of the street so closed could have been provided, without any practical expense or inconvenience to the city, and without any serious inconvenience to the occupants of said buildings, and without endangering such travel thereon.

The plaintiff was driving upon Main street, at a moderate rate of speed, from the easterly side of Park street, and using reasonable care, when the horse took fright and ran. He used his utmost exertions to control the horse, but, when about opposite the steam roller, the bit broke, and thereafter he lost entire control of the horse, and it continued running and the buggy collided with a heavy coal cart, and the plaintiff was thrown in the air and landed upon his head upon the street, and suffered serious injuries therefrom. The bit broke through a secret defect in it, and through no fault of the plaintiff. The plaintiff knew that the defendant had for months previous to said injury been using said roller in various parts of said city, and for six weeks previous to the day in question upon a street distant about a mile from the point

of the accident. He had no knowledge or notice that said steam roller was, or was likely to be, at the point where it was, at the time his horse became frightened, until the horse began to run. The plaintiff had been using the horse in his business fifty times before the accident; he had hired him in place of his own horse at a livery; he had always found him gentle and kind. The livery stable keeper had informed him that the horse was frightened at nothing save a steam roller, and the plaintiff had taken the precaution to procure a bit of especial strength for driving. The plaintiff did not contribute by his negligence to said accident, and the defendant caused it by its negligence.

Upon the foregoing facts the defendant claimed, (1) that there was negligence upon the part of the plaintiff contributing materially to his injury; (2) that the knowledge which the plaintiff had of the disposition of the horse imposed upon him the duty of exercising extraordinary care to avoid steam rollers, and that upon the facts shown he did not exercise such care ; (3) that upon the facts there was no negligence on the part of the defendant; (4) that the placing of said sign near Boyle's corner in the conspicuous position that it occupied, was a sufficient notice to travelers that the street was closed, and that any one who passed did so at his own risk; (5) that it was not necessary for the city to close said street upon both sides of said track by actual barriers, or to place upon the east side of said track another sign indicating that the street was closed; and (6) that upon the facts above stated the plaintiff could not recover, because the only negligence alleged in his complaint was that contained in the fourth paragraph thereof, that said roller was negligently placed on the public highway and allowed to remain there without any warning or notice to those using said highway.

The 4th paragraph of the complaint was as follows: "Said public highway at said point on said day, to wit, the 3d day of December, A. D. 1895, was defective and danger-ous by reason of a large steam roller, which was an object calculated to frighten horses, being negligently placed thereon,

allowed to be and remain on said public highway at said point, and without any warning or notice to those using said highway."

The court found the first four points to be wholly questions of fact, which it found against defendant's claims. The court did not pass upon point five in whole, but "found as a fact the notice given travelers in this location and situation inadequate, as appears from this finding and the memorandum of decision." The court "overruled point six and held as in said memorandum."

The memorandum of decision stated these rulings more at length, as follows :—

"This sign was located near Boyle's corner, a few feet from the single track electric railway which ran through the center of the street, which was about fifty feet wide. The electric track practically divides the street into two highways, one on each side of the track, and travelers in vehicles take one side or the other. Upon one of these highways there was adequate warning of approaching danger; upon the other no warning at all. It was upon the highway where there was no warning that the plaintiff was driving. The warning upon that part of the highway on one side of the railway track was not an adequate or sufficient warning to travelers upon the other side, of danger from this steam roller. The city recognized that when the steam roller was upon its highway, the street ought to be closed to travel by placing a warning at a proper distance from the object of warning, stating that the street was closed. The accident resulted because the city employees did not place in the highway a sign on either side of the railway track. This would have provided adequate warning to travelers on either side of the track, and if in the presence of these warnings they went ahead, they took the risk. The defendants claim that because the complaint alleges that no warning was upon the highway the plaintiff cannot recover if he shows that no adequate or sufficient warning was upon the highway. This would seem to me to be a refinement of pleading unsupported by any valid reason. The greater charge, no warning, in-

cludes the lesser charge, no adequate warning. The argument urged, that to have the street absolutely closed would seriously inconvenience people living along the line of the closed street, in actual practice would not be true, and, if true, is answered by the proposition that the convenience of the few must give way to the safety of the many. The plaintiff was traveling upon that part of the highway unguarded, and he did not see this sign upon the other side of the highway and had no warning of the steam roller until his horse began to run away."

*Frank L. Hungerford* and *John H. Kirkham*, for the appellant (defendant).

The court required of the defendant a higher degree of care than the law imposes, measuring the duty of the defendant by an erroneous standard. It was, that the city should physically close the street to travel. Mere actual closing of one side of the street by tearing it up for purposes of macadamizing, and also placing thereon the steam roller and a large sign, was not enough in the opinion of the trial court. *Morrissey* v. *Bridgeport Traction Co.*, 68 Conn. 215; *Beardsley* v. *Hartford*, 50 id. 529. The court did not consider or weigh the evidence of the city, as tending to prove its contention that it had given sufficient notice of the presence of the roller. It treated defendant's testimony as applying solely to the "west highway." Thus, it says, "upon one of those highways there was adequate warning of approaching danger, and upon the other *on warning at all*." The case of *Rowell* v. *Stamford St. R. R.*, 64 Conn. 376, is precisely in point. The traveler cannot shut his eyes against apparent dangers and drive recklessly along a highway. He is bound to keep his eyes open and maintain a proper degree of watchfulness against danger. *Hubbard* v. *Concord*, 35 N. H. 52; *Rathburn* v. *Payne*, 19 Wend. 399; *Wilson* v. *Charleston*, 8 Allen, 137; *Cottin* v. *Wood*, 8 C. B. N. S. 568; *Raymond* v. *Lowell*, 6 Cush. 524.

*John Walsh*, with whom was *James Roche*, for the appellee (plaintiff).

The question whether the defendant had exercised due care was one of fact, and properly determined as such by the trial court. *Young* v. *New Haven*, 39 Conn. 435. In dangerous situations ordinary care means great care; the greater the danger the greater care required; and the want of the degree of care required may amount to culpable negligence. *Knowles* v. *Crampton*, 55 Conn. 344; *Farrell* v. *Waterbury Horse R. Co.*, 60 id. 248. The plaintiff while exercising due care had the right to act on the belief or assumption that the city had discharged its duty to keep the highway reasonably safe for travelers. *Lutton* v. *Vernon*, 62 Conn. 11. The insufficiency of the defendant's warning is found as a fact. The statute does not prescribe any particular mode of notifying the traveler that a way is closed. *White* v. *Boston*, 122 Mass. 491. The court cannot lay down any fixed, arbitrary rule as to the kind of barrier, warning or notice which any community must adopt under similar situations; only whatever is done it must be adequate.

BALDWIN, J. The finding supports the complaint, for the reasons given in the memorandum of decision of the Superior Court.

The second of the defendant's claims was properly overruled as presenting no question of law. It was found that the plaintiff exercised what, under the circumstances, was reasonable care, and there is nothing to indicate that any inadequate standard of duty was applied. His knowledge that the horse was afraid of a steam road-roller undoubtedly imposed upon him an obligation to exercise more care than it would be reasonable to expect from ordinary drivers of ordinary horses. But it was reasonable to require from him this extraordinary care, simply because nothing less, under the circumstances, would be reasonable care. All the circumstances were before the trial court, and it is to be presumed that due weight was given to them in determining whether in fact the plaintiff used reasonable care. It would not have been reasonable, unless it were extraordinary, and the finding that it was reasonable necessarily imports that it was extraordinary.

But in the ruling upon the fifth claim of the defendant, there was error. For the grounds of its rejection the Superior Court refers to the memorandum of decision. This shows that the trial judge regarded Main street as practically divided by the street railway tracks into two highways, and held that the danger sign placed on the westerly side of the tracks was "no warning at all" to travelers on the street upon the easterly side of the tracks. Had, he finds, a similar sign been placed on this easterly side, it "would have been a sufficient warning or notice to persons traveling upon said easterly highway." It is evident that the case turned, in his mind, on this practical division of Main street into two different highways, for each of which a separate warning or sign was deemed necessary. No warning or sign, it is found, was placed on any part of Main street, east of the car tracks, to give notice to travelers thereon that this part of the street was closed or that the steam roller was upon the opposite side, and public travel by teams on the street could have been entirely stopped for the time, without serious public inconvenience.

Upon the condition of facts appearing by the record, the claim in question was correct in law, and should have been distinctly and fully sustained. The city was not reduced to the dilemma either of closing the street upon both sides of the car tracks by actual barriers, or of placing a second sign on the east side, to indicate that the street was closed. The sign which it did set up was placed as near the middle of the street as it well could be, in view of the ordinary overhang of a street car, on each side of the rails. Main street could not be regarded for any purpose as two highways, one of which was properly guarded and the other not. It was an entirety, and the only question was whether, if all travel were not excluded from it by actual barriers, a sign on one side of the tracks could be a reasonable warning to those passing into or over the road on the other side. The trial court held, in effect, that it could not be; whereas the fact that the railway naturally divided the course of ordinary travel, was simply one circumstance to be considered with

all the others, in determining whether a warning set on the west side was a sufficient indication of danger to those approaching on the other.    *Rowell* v. *Stamford Street R. R. Co.*, 64 Conn. 376.

The fourth claim of the defendant, on the other hand, for the same reasons, was properly overruled.    This assumed that the sign set up was, as matter of law, a sufficient notice that the entire street was closed, whereas it was only one out of many facts to be considered in determining whether the plaintiff was duly warned of the danger before him, and whether he exercised due care in driving upon the street.

By the other assignments of error, it is claimed that the facts found do not justify the conclusions of the trial court as to the negligence of the defendant and the care of the plaintiff.    It is unnecessary to inquire whether any questions of law are thus presented, since a new trial must be ordered on another ground.

There is error in the judgment appealed from.

In this opinion the other judges concurred.