HARRY KEYSER *vs.* MARTIN J. O'MEARA.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued March 8th—decided April 25th, 1933.

Samuel Steinberg and Jacob Berman, for the appellant (plaintiff).

William S. Hyde, for the appellee (defendant).

HAINES, J.  On November 4th, 1931, the defendant sold the plaintiff a Ford automobile truck, cab and chassis, for $816, the then prevailing price for a new motor vehicle of that type and model, receiving therefor $100 in cash, twelve notes of the plaintiff amounting to $516 and another Ford truck of the agreed value of $200. The defendant warranted the car so sold to be new and unused.  The plaintiff used the car for six months and then discovered that it was not new at the time of his purchase, but had been previously used by other parties, whereupon he at once offered to return the car to the defendant and demanded a return of what he had paid therefor, and a rescission of the sale, all of which the defendant refused.  Thereafter the plaintiff used the car on three occasions and then put it in storage for the benefit of the defendant.

It is claimed by the plaintiff that the course which he took was that prescribed by our Sales Act, and entitled him, prima facie, to the relief therein provided. "When there is a breach of warranty by the seller, the buyer may, at his election . . . rescind the contract to sell or the sale and refuse to receive the goods, or, if the goods have already been received, return or offer to return them to the seller and recover the price or any part thereof which has been paid;" and it is provided, further, that upon the refusal of

the seller to accept a rescission of the sale and to return the amount paid, the buyer may hold the goods as bailee, subject to a lien to secure repayment of the amount paid. General Statutes, § 4689 (d).

The record in this case shows that the only defense pleaded, aside from a general denial, was the good faith of the seller. Where there is in fact a breach of warranty, a defense of good faith is immaterial. *Rich* v. *Johnston,* 92 Conn. 599, 603, 103 Atl. 1003.

It is also provided by General Statutes, § 4689, that the buyer cannot rescind the contract "if he fails to return or offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer; provided, if deterioration or injury of the goods is due to the breach of warranty, such deterioration or injury shall not prevent the buyer from returning or offering to return the goods."

The trial court made a finding that the car was not, when the plaintiff offered to return it, "in substantially the same condition as it was at the date of the purchase," and gave the plaintiff a judgment for the difference in value of the car as warranted and as delivered, fixed at $150, gave the defendant a judgment on a counterclaim for the amount of the unpaid balance of the purchase price, $258, and a net judgment for the defendant of $108 damages and costs.

This finding is attacked upon this appeal, as made without evidence, and an examination of the certified excerpts of testimony discloses no direct statement by any witness as to the actual condition of the car at the time of the tender as compared to its condition at the time of delivery. The plaintiff testified that at the time of the tender, the car was in "good condition," but nothing further appears, and the finding seems to rest solely upon an inference that, after six

months' use by the plaintiff, the condition of the car, *ex necessitate,* was not substantially as good as at the date of purchase. If we were to hold such an inference to be inadmissible and that the finding as to the condition of the car should be eliminated, such a correction would leave no finding of record as to whether the car was in the condition required by the statute when its return was tendered. Even if we could construe the word "condition" as used in the statute, to include "value," it still appears that the value is not found. It appears from that statute that the plaintiff's right to return the car was a conditional one, and it was incumbent upon him to establish by evidence that it was, when he tendered it, in the condition required by the statute, and since the evidence does not support the paragraph of the draft-finding upon this point, and the fact not having been established, it follows that, upon this record, the plaintiff is not entitled to a judgment, and the conclusion of the trial court that judgment should be for the defendant, must be sustained. .

There is no error.

In this opinion the other judges concurred.