# Frank D'Addario *v.* American Automobile Insurance Company

Baldwin, O'Sullivan, Wynne, Daly and Shea, Js.

Argued March 1—decided April 5, 1955

*A. Arthur Giddon,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellant (plaintiff).

*Leonard T. Calvert,* for the appellee (defendant).

BALDWIN, J. The plaintiff brought this action to recover from the defendant the amount of a judgment rendered against its insured, Peter D'Addario. General Statutes § 6191. The case was tried to a jury. Judgment was rendered upon a verdict for the defendant, and the plaintiff has appealed.

The plaintiff assigned errors in the charge in that the court (1) failed "to instruct the Jury as to what constitutes or what are the elements of an 'Express' or 'Implied' Contract and the application of such a Contract to the evidence," (2) charged the jury as to an express contract for transportation when "there was no evidence of such a contract," and (3) charged the jury "that the Plaintiff was an employee of the assured and performing his employer's business by riding in the assured's truck with his knowledge and acquiescence." The plaintiff also assigned error in the finding. That assignment cannot be considered because the plaintiff's brief has no appendix containing the pertinent evidence as is required under the rules. Practice Book § 447; *Marciniak* v. *Wauregan Mills, Inc.,* 139 Conn. 264, 269, 93 A.2d 135; *State* v. *Reddick,* 139 Conn. 398, 401, 94 A.2d 613; *LaVoie* v. *Marshall,* 141 Conn. 681, 685, 109 A.2d 508.

The plaintiff claimed to have proved these facts: The defendant insured Peter D'Addario against liability for damages recovered for injuries sustained by reason of the operation of his truck. The policy contained a clause which excluded coverage

for "bodily injury to or death of any employee of the insured while engaged in the business of the insured, other than domestic employment, or in the operation, maintenance, or repair of the automobile; or [for] any obligation for which the insured may be held liable under any workmen's compensation law." The plaintiff, who was injured by Peter's negligent operation of the truck, recovered a judgment against him which the company has refused to pay. The plaintiff lived in Hartford in the same household as Peter, who conducted a landscaping business. This business required Peter to go to private homes in Hartford and surrounding towns. He used his truck for transportation and to carry the necessary tools. The truck was kept at the house where the plaintiff and Peter lived. The plaintiff himself owned an automobile which was also kept at home. Peter hired the plaintiff and agreed to pay him sixty cents an hour commencing at the time of the plaintiff's arrival on the job. These were the only terms of the employment. The times when and the places where the plaintiff was to work were entirely under Peter's direction. Some days the plaintiff worked on one job and Peter on another in a different locality. On these occasions the plaintiff would walk to work or go in his own car if the tools were supplied by the householder. Whenever the plaintiff and Peter were to work at the same place, they would use the truck unless the plaintiff was not going directly home after work, in which event he would take his own car. The plaintiff was injured while riding in the truck on the way to work in Wethersfield. He and Peter had stopped to pick up another employee of Peter on the way. On the basis of these claims of proof the plaintiff argued that at the time of the accident he was not an

employee within the exclusion clause of the policy.

The defendant claimed to have proved these facts: When Peter wanted the plaintiff to work on the same job with him, he would take the plaintiff with him in his truck. When, however, the plaintiff was not going directly home at the end of such a job, he would tell Peter that he had his own means of conveyance. Peter determined the job at which the plaintiff was to work, and it was entirely within his discretion whether the plaintiff would ride to work in the truck. At the time the plaintiff was injured, Peter had in his truck the equipment which was needed to do the work at the place where they were going. The plaintiff was riding in the truck at Peter's direction and was engaged in his business. The ride to work was provided not as a gratuity but for the benefit of Peter's business. Under these claims of proof, the clause would exclude the defendant from liability for the plaintiff's claim.

The tests of a charge are its accuracy in law, its adaptability to the issues, and its sufficiency as a guide to the jury in reaching a correct verdict. *Steinecke* v. *Medalie,* 139 Conn. 152, 157, 90 A.2d 875; Maltbie, Conn. App. Proc., § 48. A charge must be judged in its entirety and not by critical examination of isolated words, phrases and passages culled from context. *Cuneo* v. *Connecticut Co.,* 124 Conn. 647, 653, 2 A.2d 220; Maltbie, Conn. App. Proc., p. 71. In the light of these well-recognized principles, we consider the first and third assignments of error.

It would appear from a reading of the third assignment of error that the court, in effect, directed the jury to find that the plaintiff was an employee of Peter and was performing his business by riding in the truck with his knowledge and acquiescence.

An examination of the charge reveals that this is not so. The court laid down the proposition of law substantially as stated in the assignment but left it to the jury to determine the facts regarding the plaintiff's presence in the truck. To come within the exclusion stated in the policy, the plaintiff had to be an employee of the insured and "engaged in the business of the insured" at the time he was injured. The parties were not in serious dispute over the fact that the plaintiff was employed by Peter. The crucial question was whether, at the time he was hurt, he was engaged in Peter's business. He was riding to work in Peter's truck. The court charged that in such a case "if the employer in furnishing the transportation and the employee in using it were engaged in performing one of the express or implied duties of the employment then the employee was engaged in the employer's business." The court also charged, in the alternative, that "if the employer gives a ride [to his employee] merely as a matter of accommodation then the transportation is a gratuity and during it the employee is not engaged in the employer's business." These alternatives were repeated twice in language substantially to the same effect. The principles covered by this part of the charge have been established in cases involving workmen's compensation. *Swanson* v. *Latham,* 92 Conn. 87, 90, 101 A. 492; *Sala* v. *American Sumatra Tobacco Co.,* 93 Conn. 82, 85, 105 A. 346; *Saba* v. *Pioneer Contracting Co.,* 103 Conn. 559, 563, 131 A. 394. These principles are equally applicable to cases brought under the common law. The charge as given was correct. It was adapted to the issues and furnished a sufficient guide to the jury.

The gist of the attack on the charge is made in the first assignment of error. It is that the court

should have explained to the jury what the words "express" and "implied" mean. No exception reaching this specific claim was taken by the plaintiff at the conclusion of the charge. The rule requires that counsel "state distinctly the matter objected to and the ground of objection." Practice Book § 153; *Soderstrom* v. *Country Homes of Norwalk, Inc.*, 132 Conn. 381, 386, 44 A.2d 698; see *Doe* v. *Saracyn Corporation,* 138 Conn. 69, 78, 82 A.2d 811. We have often stated that the purpose of this requirement is to enable the trial court to reconsider the matter and to give further instructions if, in its discretion, they are deemed necessary. This aside, the words "express" and "implied" as used in the charge required no further explanation. They were applied by the court to the facts involved in their nontechnical and commonly accepted meaning. A reasonably intelligent and literate person would have no difficulty in understanding them and no further explanation was necessary. *State* v. *Enanno,* 96 Conn. 420, 426, 114 A. 386; *McQuillen* v. *Meyers,* 213 Iowa 1366, 1372, 241 N.W. 442; Maltbie, Conn. App. Proc., § 50.

As to the claim in the second assignment of error that there was no evidence of any express contract for transportation which warranted reference to such a contract in the charge, we find no error. The plaintiff claimed to have proved that the terms of employment concerned only the amount of compensation. On the other hand, the defendant's claims of proof are reasonably susceptible to a finding of fact by the jury from all the circumstances that it was understood that when the plaintiff and Peter worked together Peter would furnish transportation to the job. The important point was the existence of an understanding. Whether it was express or implied is of secondary importance. If the plaintiff

desired to make a point of whether the understanding was one or the other, he should have requested the court to charge specifically on the issue. *Mavrides* v. *Lyon*, 123 Conn. 173, 176, 193 A. 605; *Bourk* v. *Holmberg*, 123 Conn. 682, 683, 194 A. 726. This claim is without merit.

There is no error.

In this opinion the other judges concurred.