LILLIAN LOCKWOOD *v.* THE WILSON H. LEE COMPANY ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 9—decided December 18, 1956

*W. Paul Flynn,* with whom were *Charles L. Flynn* and, on the brief, *Bernard P. Kopkind,* for the appellant (plaintiff).

*Albert R. Moquet* and *L. Stewart Bohan,* with whom, on the brief, were *Francis J. Moran* and *John E. McNerney,* for the appellees (defendants).

DALY, J. The amended complaint alleges that the plaintiff's husband, Charles F. Lockwood, while employed by the named defendant, was injured as a consequence of the negligence of it and its agent, the defendant John Cronan; that her husband incurred a permanent partial or total incapacity; and that as a result of the defendants' negligence the plaintiff has been, is now, and may in the future be, deprived of the affection, care, assistance, services, support and conjugal relations to which she is entitled by virtue of the marital relationship. She seeks money damages. Each defendant demurred to the amended complaint on the ground that it was insufficient because in this state a spouse cannot maintain an

action to recover damages for losses such as were alleged in the present complaint, where those losses were the result of personal injuries to the other spouse sustained at the hands of a third party. The court sustained the defendants' demurrers and, upon the failure of the plaintiff to plead over, rendered judgment for the defendants. From that judgment the plaintiff has appealed.

The plaintiff claims that she has a right to recover damages in an action against a third party whose negligence caused disabling personal injuries to her spouse which resulted in the loss of consortium. She bases this contention, in part at least, upon our decisions allowing recovery for loss of consortium in an action for alienation of affections or in one for criminal conversation. "The gist of both the action for alienation of affections and that for criminal conversation is the same, the loss of the *consortium*." *Valentine* v. *Pollak*, 95 Conn. 556, 561, 111 A. 869; *Maggay* v. *Nikitko*, 117 Conn. 206, 208, 167 A. 816; *Hudima* v. *Hudyma*, 131 Conn. 281, 283, 39 A.2d 890. Our reason for allowing recovery for loss of consortium in those actions is that that particular loss is the ground or foundation of each of them and without it neither action would lie. However, we have never, in an action brought by a spouse against a third party whose negligence was claimed to have caused personal injuries to the other spouse, countenanced any attempt to measure pecuniarily the loss of consortium, nor have we ever recognized in the impairment of conjugal relations, pure and simple, the foundation of such an action. The right to recover damages for disability resulting from personal injuries is personal, and it is the exclusive right of the injured spouse. *Marri* v. *Stamford Street R. Co.*, 84 Conn. 9, 23, 78 A. 582; *Beckert* v.

*Doble,* 105 Conn. 88, 91, 134 A. 154. In an action for alienation of affections or criminal conversation, the deprivation of consortium is an injury done directly to the plaintiff, whereas in an action sounding in negligence the loss is one sustained only indirectly as a consequence of an injury done to the plaintiff's spouse. The loss of consortium resulting from the disability of a spouse occasioned by the negligence of a third party is too remote and indirect to permit recovery for it, and hence it is distinguishable from loss of consortium in an action for alienation of affections or in one for criminal conversation. 27 Am. Jur. 114.

We recognize only one exception to the rule that the right of recovery is personal and the exclusive right of the injured spouse. We allow a husband to recover the amount of the expenditures which he has been, or will be, compelled to make to aid in his wife's restoration from injuries occasioned her by the negligence of a third party or for services in the maintenance of the family which his wife, except for her injuries, would have performed. *Hansen* v. *Costello,* 125 Conn. 386, 389, 5 A.2d 880. The basis of recovery of those expenses by a husband is that they were paid by him in pursuance of his duty of supporting his family. *Katz* v. *Cohn,* 122 Conn. 338, 341, 189 A. 594. In *Horton* v. *Vickers,* 142 Conn. 105, 106, 111 A.2d 675, we said that a husband's right of recovery, if any, for personal injuries to his wife alleged to have been caused by the malpractice of a surgeon is limited to reimbursement for expenses incurred by him by reason of his wife's injuries and does not include damages for the loss of her society and services.

The plaintiff maintains that statutory changes denote the intent of legislatures to recognize rights

based upon a loss of consortium, and she cites various state and federal statutes as authority for this claim. As provided in § 7307 of the General Statutes, a wife married on or after April 20, 1877, may bring suit in her own name to recover for personal injuries sustained by her and obtain compensation for her resultant physical impairment and disability as fully and to the same extent as a husband can where he is the person injured. *Marri* v. *Stamford Street R. Co.,* 84 Conn. 9, 22, 78 A. 582. No statute cited by the plaintiff indicates a legislative intent to permit recovery for loss of consortium in an action brought by either a husband or a wife against a third party whose negligence caused disabling injuries to the other spouse.

Another claim made by the plaintiff is that the effect of the present judgment violates article first, § 12, of the Connecticut constitution, guaranteeing redress "for an injury done" to her. The word, "injury," as there used, means a legal injury, that is, one violative of established law of which a court can properly take cognizance. *Taylor* v. *Keefe,* 134 Conn. 156, 163, 56 A.2d 768. As the injury alleged to have been caused the plaintiff is not one which violates our established law, her contention that her constitutional rights have been violated is without merit.

The plaintiff asseverates that we should adopt the rule of law stated in *Hitaffer* v. *Argonne Co.,* 183 F.2d 811, and *Brown* v. *Georgia-Tennessee Coaches,* 88 Ga. App. 519, 77 S.E.2d 24, which would permit recovery for the loss of consortium upon proof of the allegations contained in the plaintiff's amended complaint. An examination of the opinions in those cases does not convince us that we should reverse the long-continued position of this court.

The plaintiff's complaint is insufficient, and the court did not err in sustaining the defendants' demurrer to it. We treat the plaintiff's second assignment of error, that the court erred in granting the defendants' motion for judgment, as abandoned, since it is not even mentioned in her brief. *Somers v. Hill,* 143 Conn. 476, 480, 123 A.2d 468; Maltbie, Conn. App. Proc., § 165.

There is no error.

In this opinion the other judges concurred.