GRACE VITALE *v.* HENRY GARGIULO ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and KING, Js.

Argued April 2—decided May 8, 1957

*Bernard Insler,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellants (defendants).

*T. Holmes Bracken,* for the appellee (plaintiff).

BALDWIN, J. This is an action for breach of warranty in the sale of an oil tank truck by the defendants to the plaintiff. The trial court rendered judgment for the plaintiff, and the defendants have appealed. They claim error in the denial of their motion to compel the plaintiff to elect, in the overruling of their demurrer to the complaint, and in the finding and conclusion that the plaintiff had rescinded the contract of sale.

Briefly stated, the complaint contains the following allegations: The defendants sold and delivered a tank truck to the plaintiff and warranted that it was free from any major defects and particularly, as concerns this case, that the truck had a tank capacity of 1000 gallons and a meter in running condition. The capacity of the tank was only 815 gallons and the meter was defective. The plaintiff gave due notice to the defendants of the breach of their warranty. She incurred expense in attempting to repair the meter, in installing a reel and hose, and in storing and insuring the truck. The truck, including the equipment placed upon it and the repairs made to it by the plaintiff, had a market value of only $500.

The plaintiff claimed a breach of warranty and demanded $2000 damages. By an amendment to the complaint, she alleged further that she was willing to return the truck and had offered to return it, and that it was of no use to her and was valueless.

The defendants assert that the complaint contains two inconsistent causes of action. They moved that the plaintiff be required to elect between these two causes of action. They also demurred because the two alleged inconsistent causes of action could not be joined in a single complaint. Section 6684 of the General Statutes provides that "[w]hen there is a breach of warranty by the seller, the buyer may, at his election . . . (b) . . . keep the goods and maintain an action against the seller for damages for the breach of warranty, . . . (d) rescind . . . the sale and . . . return or offer to return them to the seller and recover the price or any part thereof which has been paid." The defendants' motion and demurrer treat the amended complaint as alleging two separate causes of action, whereas the statute, § 6684, is concerned only with the alternative remedies available

for a breach of warranty. The complaint as amended, though inartificially drawn, fairly states a cause of action for breach of warranty and seeks the remedy available for a rescission, together with special damages. General Statutes § 6685. The case was, furthermore, presented and tried on the theory of rescission, and no claim is made that the defendants were prejudiced by the rulings. Maltbie, Conn. App. Proc. (2d Ed.) § 42. The court did not err in denying the motion and in overruling the demurrer.

The main contention of the defendants is that the court erred in holding that the plaintiff had proved a rescission of the contract of sale. They seek extensive changes in the court's finding and conclusions. We take this occasion to point out again the vital importance of compliance by both parties with §§ 447 and 448 of the Practice Book by making available in the appendices the portion of the evidence, stated in narrative form where that is possible, supporting every finding which has been assigned as error and every claim of error in the failure to find facts. The rules do not permit this court to examine the transcript of testimony in order to find the evidence, if any, which supports a finding under attack or a finding sought by a party but refused by the trial court. *D'Addario* v. *American Automobile Ins. Co.,* 142 Conn. 251, 252, 113 A.2d 361; *Scott* v. *Furrow,* 141 Conn. 113, 117, 104 A.2d 224; *Baton* v. *Potvin,* 141 Conn. 198, 200, 104 A.2d 768; *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 410, 106 A.2d 720; *LaVoie* v. *Marshall,* 141 Conn. 681, 685, 109 A.2d 508. In the instant case the defendants, as appellants pursuing § 447 of the Practice Book, claimed that several paragraphs of the finding were found without evidence. This put the burden upon the plaintiff as appellee to print in an appendix to her brief

sufficient evidence in narrative form, if possible, to support the findings under attack. *Baton* v. *Potvin*, supra. The appendices show insufficient attention to this vitally important detail.

The defendants assert error in the court's refusal to find claimed material facts as set forth in eight paragraphs of their draft finding. Although there may be, as the defendants claim, testimony of witnesses in support of these paragraphs, they do not thereby become admitted or undisputed facts. The trial court is the final arbiter of the credibility of evidence and may accept or reject parts of the testimony of a single witness. *Corvo* v. *Waterbury*, 141 Conn. 719, 724, 109 A.2d 869; Practice Book § 397. The court did not err in refusing to find these eight paragraphs of the draft finding.

The defendants assign error in fifteen paragraphs of the finding. As to five of these, no claim is pressed in the brief and we shall consider the alleged error as to them to have been abandoned. *Somers* v. *Hill*, 143 Conn. 476, 480, 123 A.2d 468; *Lockwood* v. *Wilson H. Lee Co.*, 144 Conn. 155, 160, 128 A.2d 330; Maltbie, Conn. App. Proc. (2d Ed.) pp. 208, 415. Some of the paragraphs of the finding which are challenged are not supported by any evidence in the appendices and therefore must be eliminated. Practice Book §§ 447, 448.

The finding as corrected contains the following subordinate facts: In 1950 and for some time prior thereto the named defendant and his brother, James V. Gargiulo, owned an oil tank truck. Their agent, Frank Kittredge, offered to sell this truck to Louis Vitale, the plaintiff's agent. Kittredge represented that the meter on the oil tank was in good working condition and that the tank's capacity was 1000 gallons. On or about October 30, 1950, the de-

fendants sold the truck to the plaintiff for the agreed price of $575. The representations made by Kittredge and relied upon by the plaintiff were part of the agreement of sale and were express warranties. The plaintiff took the truck to an equipment company to have a hose and reel installed. It was then discovered that the meter leaked and could not be calibrated, and it was sent away for repairs. The plaintiff immediately notified the defendants that the meter was defective, which the defendants denied. When, later, the tank was filled, it was discovered that it had a capacity of only 815 gallons, and the plaintiff immediately notified the defendants. There was a breach of warranty both as to the meter and as to the capacity of the tank. On several occasions during January and March, 1951, the defendants refused to accept the return of the truck.

General Statutes § 6684 provides that when there is a breach of warranty, the buyer, among other things, may rescind the sale, return or offer to return the goods to the seller, and recover the purchase price or so much of it as has been paid. He must, however, give notice of his election to rescind within a reasonable time, and the goods, when the offer to return them is made or when they are returned, must be in substantially as good condition as they were in at the time they were transferred to the buyer. The defendants attack the conclusions of the trial court to the effect that (1) there was a breach of warranty as to the meter and the capacity of the tank; (2) the plaintiff rescinded the sale, notified the defendants within a reasonable time, and offered to return the truck; and (3) the truck was in substantially the condition it was in when the defendants transferred it to the plaintiff.

Conclusions must be tested by the subordinate

facts in a finding. *Horowitz* v. *F. E. Spencer Co.*, 132 Conn. 373, 377, 44 A.2d 702; *Dexter Yarn Co.* v. *American Fabrics Co.*, 102 Conn. 529, 540, 129 A. .527. The conclusion that there was a breach of warranty cannot be successfully challenged. We confine our discussion to conclusions (2) and (3) above. The court found that the defendants refused to accept the return of the truck on several occasions. This connotes both a notification of the plaintiff's election to rescind the sale and her offer to return the truck. Whether the notification came within a reasonable time was a question of fact under all the circumstances, and we cannot say that the court's conclusion in this respect was erroneous. Conclusion (3) presents the critical issue in the case. The court found specifically as a conclusion that "the truck was in substantially the condition . . . it was at the time it was transferred to the plaintiff." It also found this as a subordinate fact, in the same language. The finding of the subordinate fact is vigorously challenged. A summary of the testimony of the witness Louis Vitale in the appendix to the plaintiff's brief is as follows: "The only change in condition of the truck from the time of delivery was the addition of the reel and hose." This statement, though not specific, is sufficiently broad, when fairly read, to cover the condition of the truck at the time it was transferred to the plaintiff and also at the time the plaintiff offered to return it. Furthermore, with the exception of a claim made by the defendants concerning the removal of the tires on the truck which was disputed by the plaintiff and which the court found in the plaintiff's favor, there is no claim by the defendants that the truck was not in substantially the same condition as it was in when it was transferred to the plaintiff. The construction which we

place upon the finding is fortified by the memorandum of decision, which may be consulted in the interpretation of ambiguous or equivocal language in a finding. Maltbie, Conn. App. Proc. (2d Ed.) § 152; *Phoenix Ins. Co.* v. *Carey*, 80 Conn. 426, 433, 68 A. 993; *Rowell* v. *Stamford Street Ry. Co.*, 64 Conn. 376, 380, 30 A. 131. In its memorandum, the court stated that "the plaintiff acting by . . . her agent, rescinded the sale and notified the defendants within a reasonable time and offered to return the truck and requested the defendants to take back the truck, which was in substantially the condition . . . it was in at the time it was transferred to her." While the finding leaves much to be desired in precision of statement, for the foregoing reasons it is sufficient to support the judgment.

There is no error.

In this opinion O'SULLIVAN, C. J., WYNNE and KING, Js., concurred.

DALY, J. (dissenting). Section 6684 of the General Statutes provides that "[w]hen the goods have been delivered to the buyer, he can not rescind the sale . . . if he fails to notify the seller, within a reasonable time, of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer." The statute gave to the plaintiff a conditional right to return the truck. It was incumbent upon her to establish by evidence that the truck was, when she tendered it, in the condition required by the statute. *Keyser* v. *O'Meara*, 116 Conn. 579, 582, 165 A. 793. The only subordinate fact found which can be claimed to furnish a scintilla of support to the essential conclusion—that at the time the plaintiff offered

to return the truck it was in substantially as good condition as it was in at the time it was transferred to her—is that "[t]he truck was in substantially the condition . . . it was in at the time it was transferred to the plaintiff." The majority concede that these words alone do not, without construction, constitute support for the essential conclusion. By a process called construction, it is stated that the quoted words mean that "when the plaintiff, by her agent, offered to return the truck and requested the defendants to receive it, the truck 'was in substantially the condition . . . it was in at the time it was transferred to her.'" It should be noted that the essential words are added to the finding of a subordinate fact, not by correction of the finding, but by construction. The subordinate fact found by the court is treated as unattacked. "A finding unattacked is presumed to contain all relevant facts, and if the finding fails to state all the material facts, the supreme court must nevertheless decide the case upon the basis of those which do appear." Maltbie, Conn. App. Proc. (2d Ed.) p. 160.

It is stated in the opinion of the majority that "[t]he construction which we place upon the finding is fortified by the memorandum of decision, which may be consulted in the interpretation of ambiguous or equivocal language in a finding." The memorandum of decision was not made a part of the finding. The "interpretation of [the] ambiguous or equivocal language in [the] finding" of the subordinate fact violates the long-established rule stated in *Stults* v. *Palmer,* 141 Conn. 709, 711, 109 A.2d 592: "The memorandum of decision cannot take the place of a finding. Statements of fact in it cannot be used to supplement the finding unless, for some specific, unusual purpose, the memorandum of decision is ex-

pressly made a part of the finding. . . . 'The cause is to be decided upon the facts found, not upon those contained in the memorandum of decision.' *Turner* v. *Connecticut Co.,* 91 Conn. 692, 696, 101 A. 88." Where the memorandum of decision is not made a part of the finding, "the facts it states cannot be regarded in connection with the finding made for the purposes of appeal. . . . The remedy provided through a correction of the finding will furnish an adequate remedy . . . for the addition to it of facts which ought to have been found." *Crighton* v. *Jacobs,* 100 Conn. 281, 283, 123 A. 437.