ALLEN W. TURKIA ET AL. *v.* STANLEY P. KENDZIERSKI
ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued February 2—decided March 3, 1971

*William F. Gallagher,* with whom, on the brief, was *James N. Scheibeler,* for the appellants (plaintiffs).

*Juri E. Taalman,* with whom was *Allyn L. Brown, Jr.,* for the appellees (defendants).

SHAPIRO, J. The plaintiffs, Lucille R. Turkia and her husband Allen W. Turkia, brought this action to recover damages resulting from an intersection accident involving two vehicles, the Turkia automobile and a truck owned by the defendant Pierce Feed Company and operated by the defendant Stanley P. Kendzierski. In their complaint, the plaintiffs alleged various specifications of negligence against the defendants. In their answer, the defendants denied these allegations of negligence and

pleaded, by way of special defense, that the plaintiff Lucille W. Turkia, as operator of her husband's automobile, was contributorily negligent. In their reply, the plaintiffs denied the allegations of the special defense.

This case was tried to the jury with two companion cases involving the same accident. In the case before us, the jury found the issues for the defendants and on the refusal of the court to set the verdict aside, the plaintiffs have appealed from the judgment rendered thereon.

The sole assignment of error relates to the court's charge to the jury to which exception was taken, claiming that the court failed to give a definition of "entrance" to another highway, as it is used in General Statutes § 14-301. We have examined the court's charge and it shows that the word "entrance" as used in the charge required no further explanation. It was applied by the court to the facts involved in its nontechnical and commonly accepted meaning. A reasonably intelligent and literate person would have no difficulty in understanding it and no further explanation was necessary. See *D'Addario* v. *American Automobile Ins. Co.,* 142 Conn. 251, 256, 113 A.2d 361; Maltbie, Conn. App. Proc. § 81.

There is no error.

In this opinion the other judges concurred.