[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
A summary judgment may be granted under section 384 of the Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. A summary judgment cannot be granted unless a party is entitled to a directed verdict on the same facts. Connell v. Colwell, 214 Conn. 242,247.
While the plaintiffs' amended complaint contains several counts, the underlying cause of action is based upon misrepresentations of a salesman of the named defendant when the plaintiffs purchased a 1988 Yugo GV automobile. The relief requested in the complaint includes both monetary damages and rescission of the retail installment contract under which the plaintiffs purchased the car. The defendants have filed five special defenses, and four of them are the basis for their motion for summary judgment. CT Page 3555
The first special defense and a ground for the motion is that the plaintiffs' claims are barred by the statute of frauds in the Uniform Commercial Code, section 42a-2-201
C.G.S., which requires a contract for the sale of goods for $500 or more to be in writing and signed by the parties, and section 42a-2-202, which provides that the terms of the written agreement, intended as a complete and exclusive statement of the terms of the agreement, cannot be contradicted by evidence of any prior agreement or a contemporaneous oral agreement. These statutes are not controlling on a claim of fraud or misrepresentation of material fact where the plaintiffs are not attempting to add to or subtract from the terms of the written contract, but are claiming that they were induced to enter into the contract by the defendants' material misrepresentations. Warman v. Delaney, 148 Conn. 469, 474. See also Lauriat, Inc. v. Rich-Taubman Associates, 582 F. Sup. 828
(D.Conn. 1984).
The third special defense and a second ground for the motion for summary judgment is that the request for rescission is barred by laches. Laches is an equitable defense. Laches consists of an inexcusable delay which prejudices the defendant. Cummings v. Tripp, 204 Conn. 67,88; New York Annual Conference v. Fisher, 182 Conn. 272, 292. Whether a plaintiff is guilty of laches is a question of fact for the trier unless the subordinate facts make it inevitable as a matter of law. Cummings v. Tripp, supra, 88. This is not the type of issue that can generally be resolved on a motion for summary judgment, and in any event there are material questions of fact which prevent the Court, when applying the directed verdict test, to grant summary judgment on the issue.
The fourth special defense is that the plaintiffs have not shown that nonconformity of the goods to the contract, namely the car which they have accepted, is sufficiently deficient that they can reject acceptance under section42a-2-608 of the General Statutes. The same statute requires revocation of acceptance to occur within a reasonable time after the buyer discovers or should have discovered the problem with the goods. The purpose for this statutory requirement for a "substantial impairment of value" to exist before a buyer can justifiably revoke acceptance of goods is to preclude revocation for trivial defects or defects which may easily be corrected. Conte v. Dwan Lincoln-Mercury, Inc., 172 Conn. 112, 121. This statute is not a defense to a fraud and misrepresentation claim, which is an avoidance of the contract for different, equitable reasons. In addition, whether the attempted rejection of the car was made within a CT Page 3556 reasonable time, as required by the statute, is a question of fact which cannot be resolved by summary judgment.
The final ground for the motion and the fifth special defense is a claim that by requesting the equitable remedy of rescission of the contract the plaintiff cannot recover monetary damages. A defrauded party has the option of electing either to rescind the contract or claiming damages for breach of contract. Kavarco v. T.J.E. Inc., 2 Conn. App. 294,299; Pacelli Bros. Transportation, Inc. v. Pacelli,189 Conn. 401, 409-10. It is true as claimed by the defendants that rescission is an alternative remedy to damages for breach of a contract. Kavarco v. T.J.E., Inc. supra, 299. The request for relief in the complaint claims both rescission and monetary damages. A definite election to rescind a contract is final and operates as a waiver of any claim for damages for breach of the contract. Duksa v. Middletown, 192 Conn. 191, 197, 204. The purpose of the equitable doctrine of election of remedies is not to prevent recourse to any remedy, but rather to prevent double recourse for a single wrong. DeLucia v. Burns, 11 Conn. App. 439,447. While rescission and recovery of damages are mutually exclusive remedies in some cases, there are some situations where consequential damages can be granted incidental to rescission. See Kavarco v. T.J.E., Inc., supra, 298n; Vitale v. Gargiulo, 144 Conn. 359, 361, 362. A plaintiff may claim alternative relief based upon an alternative construction of the cause of action. Section 137, Connecticut Practice Book. Even if the defendants could show that the plaintiffs have made some election of remedies at this point in time, that would only be a defense to a damage claim and not the right of rescission, so it is not a total defense to any of the counts in the complaint. To the extent that this defense is made solely to bar the request for damages in the prayer for relief, it does not preclude incidental damages to a rescission claim.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE