[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 1356
The plaintiff, Jennot Gelinas, alleges he was injured when his motorcycle hit a pothole on Hamilton Avenue, and has brought suit for a defective road condition against defendants, Emil Frankel, the Commissioner of Transportation for the State of Connecticut, the City of Waterbury and the City of Waterbury Corporation Counsel. The defendant, Frankel, has moved for summary judgment on the ground that he did not have a duty pursuant to General Statutes 13a-144 to keep Hamilton Avenue in good repair because Hamilton Avenue is not part of the State of Connecticut's highway system. The plaintiff opposes Frankel's motion for summary judgment on the basis that whether the State of Connecticut or the City of Waterbury controls the area on Hamilton Avenue where the accident occurred is a material question of fact that is in dispute.
Summary judgment should be granted if the pleadings and affidavits show that there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Practice Book 384; Scrapchansky v. Plainfield,226 Conn. 446, 450, 627 A.2d 1329 (193). "`To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents.'" (Citation omitted.) Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990). On a motion for summary judgment, the movant has the burden to show that there are no genuine issues of fact in dispute. Plouffe v. New York, N.H. H.R. Co.,160 Conn. 481, 488, 280 A.2d 359 (1971). "`[I]n deciding the motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.'" (Citation omitted.) Johnson v. Meehan, 225 Conn. 528, 535,626 A.2d 244 (1993).
Frankel submits the affidavit of Russell R. Kozey, the Transportation Manager for District IV, who states that the place of the accident on Hamilton Avenue is not part of the state highway system. Frankel submits also the affidavit of Al Goldenthal who states that on May 8, 1986, he hand-delivered a quitclaim deed of the area in question to then Mayor of Waterbury, Joseph Santopietro. Goldenthal identifies himself as an employee of the State of Connecticut at the time he delivered the deed, but he does not reveal the nature of his position with the State or his authority to deliver a deed or the CT Page 1357 circumstances of the delivery. A copy of the quitclaim deed is attached to Goldenthal's affidavit. There is no indication that this document was ever filed in the Waterbury Land Records.
The plaintiff submits the affidavit of Michael J. Tacinelli, Engineering Assistant for the City of Waterbury. Tacinelli states that the area in question on Hamilton Avenue is 275 feet south of the I-84 west on-ramp, and was constructed by the State of Connecticut, pursuant to Federal Aid Project No. I-IG-84, 2 (107) 33 and State Project No. 151-112.
Tacinelli's affidavit directly contradicts the defendant's claim that the State of Connecticut does not own or control the area of Hamilton Avenue in question. Also, the deposition of Waterbury Street Superintendent Connell reveals that at times, both the City of Waterbury and the State Highway Department have maintained the highway in question. The court concludes that there is a genuine issue of material fact as to whether the State of Connecticut or the City of Waterbury has a duty to maintain the area of Hamilton Avenue where the incident occurred. Accordingly, summary judgment is denied.
McDONALD, J.